**STATE ex rel. BRUNO**

**v.**

**JOHNSON et al.**

**No. 22003.**

Kansas City Court of Appeals.

Missouri.

June 7, 1954.

David M. Proctor and James H. Coonce, Kansas City, for appellants.

James Mauer, Jr., Kansas City, for respondent.

DEW, Judge.

Dorothy Bruno applied to appellant Fred R. Johnson, Director of Liquor Control of Kansas City, Missouri, for a permit for a liquor license to operate a tavern at 825 East 31st Street, in that city. The application was disapproved by the Director, February 26, 1953. Dorothy Bruno applied for and obtained a review of the Director's decision before the Liquor Control Board of Review of the city, and upon hearing the evidence, the Board affirmed the decision of the Director. Thereupon, by the writ of certiorari herein, she procured a review of the proceedings in the circuit court of Jackson County, Missouri, which, upon the record certified, found that the denial of the application was not supported by substantial evidence and should be granted, and ordered the Director to issue the license and permit. From this judgment the defendants Kansas City, Fred R. Johnson and Bernard C. Brannon, Chief of Police of Kansas City, have appealed.

Respondent has filed a motion to dismiss this appeal for the reason that no motion for new trial was filed by the appellants. The appellants cite Supreme Court Rule 3.23, 42 V.A.M.S., in opposition to the motion. This rule excepts the question of jurisdiction and of the sufficiency of the evidence to support the judgment, from the requirement that points for review must be preserved in the trial court. All the points made here on appeal have to do with the sufficiency of proof to support the judgment, or with jurisdiction to render the particular judgment entered. The motion to dismiss the appeal is overruled.

Appellants contend that there was substantial evidence to support the decision of the Director; that the Liquor Control Board of Review properly affirmed that decision; that the circuit court erred in ruling to the contrary, and that the court exceeded its jurisdiction in treating its review of the case on certiorari as an appeal and determining the merits of the case.

There was no hearing of the Bruno application before the Director of Liquor Control. As required by ordinance he referred it to the city police department for investigation of the character of the applicant, and the proposed location and premises. After the report from the police department, the Director Johnson disapproved the application and so notified the respondent Dorothy Bruno. The record of the review of the case by the Liquor Control Board of review set forth the following reasons why the Director had disapproved the application: First, that the application contains a false denial of several arrests of the applicant and penalties assessed therefor. Second, that the Director did not believe the applicant was the true or lawful owner who would be in active control and management of the tavern, as required by Section 25–14a(1) of the Liquor Control Ordinance. Third, that the Director believed the applicant had been involved in other tavern ownerships in the city where the true proprietorship was concealed. The record further disclosed that Mrs. Bruno is the wife of Charles Bruno, who was twice convicted under the Harrison Narcotics Act, 26 U.S.C.A. § 2550 et seq., some twelve or fifteen years ago. In connection with the last assignment, it was pointed out that the ordinance regulating the liquor business in Kansas City prohibits the presence of felons on the premises where liquor is sold.

As to the first ground the Board of Review found that the evidence submitted regarding the applicant's answer to Question 23 of her application sustained the Director's charge that it was false; that as to the second ground, the evidence was convincing that applicant was not familiar with the inventory of the tavern purchased, nor familiar with the present prices and trends in the management of a liquor establishment; and that the Board is doubtful that the funds used in the purchase of the tavern are the funds of the appli-

cant; and the Board did not believe the circumstance alone that the applicant may have been connected with previous hearings as to other ownerships, justified the denial of the application. The Board of Review concluded its report: "Accordingly, the Liquor Control Board of Review does hereby affirm the decision of the Director of Liquor Control, denying the aforesaid permit and license of applicant".

■ It is contended by the respondent that the ordinance of Kansas City regulating the issuance of licenses for sale of intoxicating liquors in Kansas City was not in evidence, not having been introduced, and that the court had no authority to take judicial notice thereof. Ordinarily, the courts will not take judicial notice of an ordinance of a city which is not pleaded and introduced in evidence. Hartley v. McKee, Mo.App., 86 S.W.2d 359. The appellants, however, assert that the respondent has admitted the existence of the ordinance by her pleadings and by her conduct of the case.

In respondent's petition for writ of certiorari she admits the capacity of Fred R. Johnson as Director of Liquor Control in Kansas City, Missouri; that she made application to him for the permit in question; that she had cooperated with the Department of Liquor Control of the city and complied with all its orders and directives and with the laws of the state; that upon denial of her application by Fred R. Johnson, Director, she appealed therefrom "within the required time stated in the ordinances of the City of Kansas City, Missouri", and that evidence was presented to the Board of Review, which affirmed the decision of the Director. The admitted application made by Mrs. Bruno contained the following questions and answers: "Will you permit the removal of all things and articles which are had in violation of the Ordinances of Kansas City, Missouri, and the laws of the State of Missouri? Yes. Do you consent to the introduction in evidence of such articles in any proceedings for the violation of any provision of the revised liquor control ordinances of Kansas City,

Missouri, and/or for the suspension or revocation of the permit for which this application is made? Yes. Do you promise and agree not to violate any of the ordinances of Kansas City, Missouri, the laws of the State of Missouri, or the United States in the conduct of the business for which permit is sought? Yes."

■ No objection was made at any time by the respondent that the Liquor Control Ordinance of the city was not formally introduced. Furthermore, the respondent initiated and conducted her proceedings to procure a license in the manner and form and before the person or persons as provided in the ordinance and sought and obtained a review of same in accordance with the same authority. We believe the record is sufficient to show that the respondent tried her case as if the ordinance in question were in evidence and by so doing admitted its provisions. We shall consider such ordinance as set forth in appellant's brief, as in evidence, the same being Chapter 25 of the Revised Ordinance of Kansas City, Missouri.

Under the provisions of the ordinance an application for a permit for a license to sell intoxicating liquor in Kansas City must be made to the Director of Liquor Control. The Commissioner of Licenses shall not issue such a license unless such a permit be obtained from the Director of Liquor Control. Such application must be in writing and under oath and each question contained thereon shall be considered material for the issuance of the permit. Among other things the applicant must state that he or she "is the person who is to be, in fact, actively engaged in the actual control and management of the particular liquor establishment for which the permit and license are sought"; and "that the applicant will not violate any of the ordinances of the city, laws of the state or of the United States, in the conduct of the business"; that the Director shall forward any applications to the Board of Police Commissioners for investigation as to the character of the applicant, location and place or premises and conditions surrounding same, the report

of which is to be returned to the Director of Liquor Control. The ordinance further requires as qualifications of such licensee, if an individual, that he be in fact actively engaged in the actual control and management of the establishment for which the permit and license are sought and must be of good moral character and never convicted of a felony. The ordinance also requires the permittee to prevent any loitering on or about the premises by any known felon. In the application made by respondent here the following Question No. 23 appears: "Have you ever been arrested, indicted, or summoned into court as a defendant in a criminal proceeding, or convicted, fined, or imprisoned or placed on probation, or have you ever been ordered to deposit bail or collateral for the violation of any law, police regulation or ordinance (excluding minor traffic violations for which a fine or forfeiture of $25 or less was imposed)? No.".

There was introduced in evidence and not disproved, a copy of the police records of Kansas City, Missouri under the name of Dorothy Bruno, showing arrests and penalties, in part as follows:

> "8–5–39 Liquor Viol.       $100.00
> 5–15–40 Sell. Unstamped
>   Cigarettes              10.00
> 1–5–41 Drunk Driv. Lic.
>   susp. 30 days           50.00
> 4–5–49 Speeding            7.00"

As to these charges, the respondent's testimony was to the effect that they were old charges and minor in character; that she had forgotten them, and that the city had records of such charges and could not be misled by her failure to make reference to them in her application. As to the charge that she was not the true and lawful owner of the premises and would not be in active control and management of its business, the respondent testified that she came to Kansas City when she was 14 or 15 years of age and had saved her money with which she bought her first business, a tavern and a restaurant; that she had used her own funds and those from her parents for other previous investments in taverns and restaurants and from such funds was paying the $2,500 for the tavern here involved. She admitted her husband was Charles Bruno and that he had twice been convicted under the Harrison Narcotics Act. As to other tavern ownerships which were the subject of other hearings, she denied any interest therein.

The finding of the circuit court on certiorari was that the petitioner's answer to Question No. 23 in her application for permit, while false according to the records introduced by the Director, was not intended to mislead the Director because she knew that such records were old ones and were available to the city; that there was no substantial evidence that the petitioner was without funds of her own to purchase the tavern in question and that she was not the real owner thereof; that the evidence that petitioner figured previously in another case in which there was false ownership represented, was not substantiated by proper evidence. As stated, the circuit court ruled that there was no substantial evidence to justify the denial of the application and that the application should be granted. The court ordered the Director to issue the permit in accordance with the application therefor.

In State v. Wipke, 345 Mo. 283, 295, 133 S.W.2d 354, 359, the court, quoting from one of its former opinions State v. Parker Distilling Co., 236 Mo. 219, 237 Mo. 103, 139 S.W. 453, said: " 'Those authorities also establish the fact that the liquor traffic is not a lawful business, except as authorized by express legislation of the state; that no person has the natural or inherent right to engage therein; that the liquor business does not stand upon the same plane, in the eyes of the law, with other commercial occupations. It is placed under the ban of law, and it is therefore differentiated from all other occupations, and is thereby separated or removed from the natural rights, privileges, and immunities of the citizen.' " In State ex rel. Missouri Baptist Hospital v. Nangle, Mo.App., 230 S.W.2d 128, 131, it was held that a city license director, such as the excise commissioner in the City of St. Louis, exercises

a judicial discretion in granting or refusing a retail liquor dealer's license.

We believe, however, that the exact question before us is determined by our decision in Mangieracina v. Haney, Director of Liquor in Kansas City, Mo.App., 141 S.W. 2d 89. In that case the petitioner sought mandamus to compel the Director of Liquor of Kansas City, Missouri to issue a retail liquor dealer's license. The petitioner had made application before the Director, who had referred the same to the police department for investigation as to the character of the applicant, and the location, place or premises where the business was to be conducted. The police department reported to the Director that there were no convictions found against the petitioner, but that he had been arrested seven times on various charges. The police department stated that, on the record, it could not recommend a license. Thereupon, the Director refused the application. We said at page 91 of 141 S.W.2d: "There is no question but that the Director of Liquor Control exercises a judicial discretion in granting or refusing licenses of this kind. (Citations.) There are matters other than the mere statutory or ordinance qualifications to be considered in granting or refusing a dramshop license and it is within the authority or discretion of the licensing authority to ascertain not only whether the statute or ordinance has been complied with but to withhold the privilege of engaging in the liquor business upon other grounds, and this discretion cannot be revised by mandamus. * * * The mere fact that relator answered the questions in the application satisfactorily and has never been convicted of a crime does not entitle him to a license, as a matter of law." We pointed out, 141 S.W.2d at page 92, that where the court, board or officer vested with the jurisdiction to issue such license has abused the discretion, remedy in mandamus might exist. We ruled that, although the Director was not required to accept the recommendation of the police department, he was privileged to do so and, having done so, under the circumstances, he did not abuse his discretion.

■ In the case at bar at least two things existed which negates the contention that the Director acted arbitrarily and abused his discretion in refusing the application. It was admitted that the respondent's husband was a felon, having twice been convicted under narcotics charges. Such relationship would render it unlikely that he would not be present on the premises where the respondent intended to conduct her tavern, despite the fact that the ordinance prohibited the presence of such person on the premises. Furthermore, it was established that respondent's answer to Question 23 of her application was untrue, wherein she stated she had not been arrested or convicted on any offenses, whereas, she had been arrested several times on various charges and paid the penalties assessed. Certainly we cannot say that under the record the respondent was entitled to a permit for a license as a matter of law, nor do we believe the record supports the conclusion that the Director acted arbitrarily or in abuse of his discretion in refusing the application. In re Botz, 236 Mo.App. 566, 159 S.W.2d 367. It is apparent that there was competent and substantial evidence to support the decision of the Director upon the whole record. Constitution of Missouri, art. V, Section 22, V.A.M.S.

■ Relative to the last point made, the sole authority of the court in the certiorari proceedings was either to quash its writ or to quash the decision of the Director of Liquor Control. Instead, the court passed upon the merits of the case as in an appeal, finding that the application should be granted and ordering the Director of Liquor Control to grant the same. State ex rel. Missouri Baptist Hospital v. Nangle, supra, 230 S.W.2d at page 134. The judgment of the circuit court is reversed and the cause remanded with directions to quash the writ of certiorari.

All concur.