Jesse MORA, Jr., d/b/a Mora's Cocktail Lounge, Plaintiff-Respondent,

v.

C. T. HASTINGS, Director of Liquor Control, Defendant-Appellant.

No. 24493.

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

Herbert C. Hoffman, City Counsellor, Rex G. Bostwick, Kansas City, for appellant.

James Lenge, Kansas City, for respondent.

SPERRY, Commissioner.

This is an appeal by C. T. Hastings, Director of Liquor Control of Kansas City, Mo., from a judgment of the circuit court of Jackson County on a Petition for Judicial Review of an order entered by the Liquor Control Board of Review of Kansas City, Mo., sustaining the action of defendant in denying plaintiff's application for renewal of his license and permit to sell alcoholic beverages at his cocktail lounge, located at 910 Southwest Boulevard, Kansas City, Mo., and assessing costs against applicant. The court ordered that such license and permit be issued, denying defendant's motion to dismiss the petition and refused to assess costs against defendant.

Defendant alone has filed a brief. He stated therein that he issued plaintiff a license to sell intoxicating liquor at his place of business; that it became effective June 18, 1964; that plaintiff began operating under it; that Mr. Hastings thereafter learned of the existence of a church located within 300 feet of plaintiff's premises; that he then notified plaintiff that he would not renew the license for 1965, when it expired; that plaintiff applied for renewal of the license for 1965 and his application was denied; that plaintiff appealed to the Liquor Control Board of Review of Kansas City; that, after a hearing, the board sustained defendant's decision and action; that plaintiff then petitioned the circuit court of Jackson County for a review of those proceedings; that the court found that defendant was "equitably estopped" from denying plaintiff a license for the reason that such denial would be a manifest injustice to plaintiff under the facts shown at the hearing before the board.

Defendant, in circuit court, filed a motion to dismiss the petition "for the reason that said defendant conducted no hearing, and made no order, but that the hearing and order, that is the subject of this suit, was held or made by others not named as parties to this suit". This motion was denied. Defendant cites Cunningham v. Leimkuehler, Mo.App., 276 S.W.2d 633. That case was a review by *certiorari* to the circuit court from an order and award of the St. Louis Board of Adjustment (zoning). The board appealed. Respondent filed motion to dismiss on the grounds that the board was not an aggrieved party and, therefore, had no right to appeal. The Court of Appeals denied the motion holding that the board was an aggrieved party and was entitled to appeal the judgment.

■ In overruling the motion to dismiss in this case, the court stated that, while Director Hastings was designated as defendant, and summons was issued and served on him, it was unnecessary that *summons* be issued and served on anyone, only that the interested parties be given notice of this action. (All citations of statutes, unless otherwise noted, refer to RSMo 1959 and V. A.M.S.). Section 536.110 provides for the filing of a petition for review in actions of this kind, and states that no summons shall issue, that it is sufficient that copies

of the petition be delivered to the agency and to each party of record, *or to his attorney of record.* In the hearing before the board, the board's attorney of record, or the attorney of record of Director Hastings, was assistant Kansas City Counsellor, Schad, who also appeared in that capacity at the hearing on the petition for review in circuit court. Such appearances indicate that interested parties had notice as contemplated by the statute. The trial judge noted these facts and held that the motion is without merit. (Appellant here is represented by the office of the Kansas City Counsellor). In State ex rel. Bruno v. Johnson, Mo.App., 270 S.W.2d 99, a writ of certiorari was directed to the Director of Liquor Control. We approve the ruling of the trial court on this question.

The entire transcript of the record made at the hearing before the board was before the trial court, and it is also before us. No additional evidence was heard in circuit court.

Section 536.140 prescribes the scope of review. Par. 2 thereof provides that the inquiry may extend to a determination of whether the action of the agency is in violation of constitutional provisions; is in excess of the statutory authority or jurisdiction of the agency; is *unsupported by competent and substantial evidence upon the whole record;* is, for any other reason, unauthorized by law; is made upon unlawful procedure or without a fair trial; is *arbitrary or capricious; involves an abuse of discretion;* that in determining the evidence the court shall give due weight to the opportunity of the agency to observe the witnesses, and *the court shall not substitute its discretion for the discretion legally vested in the agency.*

■ The court is authorized to determine whether the board could have reasonably found as it did, but may not set aside its findings unless clearly contrary to the overwhelming weight of the evidence; the court may not substitute its judgment on the evidence for that of the board. Division

of Employment Security v. Industrial Commission, Mo.App., 242 S.W.2d 593, 597.

In State ex rel. Bruno v. Johnson, supra, 270 S.W.2d 103, we held that in certiorari proceedings to review the action of the Director of Liquor Control, the court's power was either to quash its writ or quash the decision of the Director of Liquor Control.

Sec. 4.110(d), Revised Ordinances of Kansas City, provides that "no permit of any kind or character shall be issued at any location when said location is within 300 feet of a school, church, or any other place regularly used for religious worship, unless such applicant shall present with his application to said Director of Liquor Control the written consent, verified before a notary public, of the majority of the board of directors of such church or school consenting to the location of the applicant's place of business except as hereinafter provided; * * * ". The above provision was not complied with, nor does plaintiff claim to come within the exceptions enumerated.

Rev. Garza testified to the effect that he was pastor of the Mexican Assembly of God Church; that plaintiff's cocktail lounge is within 100 feet of the church; that the church had been so located for a period of more than twenty years; that it has been continuously open and holding religious services regularly; that he became pastor of the church June 12, 1964; that he resides in rooms over the church and can clearly see the entrances to the bar therefrom; that the church board has refused to consent to the licensing of the bar; that he made complaint to the office of Liquor Control concerning fighting and disturbances occurring in front of the church, on church property, and disturbances by drunks within the church, caused by patrons of this bar; that he saw three fights in front of the church; that he saw persons who came from the bar break bottles against the door of the church; that he saw minors drink beer outside of the cocktail lounge, that the beer was furnished by adult customers of the bar; that he saw patrons of the bar place broken glass bottles

in the church mail box; that such disturbances occur on nights during the week, not on Sunday; that the largest congregation is on Friday night during young people's services. He stated that he first became connected with the church in 1962, and returned as pastor June 12, 1964; that he contacted the City Liquor Control department June 15, to get information concerning the tavern; that there was a disturbance at the church June 13, 1964; that three girls and a man had a struggle in front of the church and broke a bottle against the door; that he saw them come out of the lounge.

Mr. Carrillo stated that he first attended the church in 1940 and that it had been located at that location, open and regularly used for church services continuously, from that time until the date of the hearing.

Mr. Hastings, Director of Liquor Control, testified that records showed a liquor license issued to the Spanish Tavern, at this location; that it operated from 1946 through 1954; that American Legion Post 473 *transferred* its license to this location after the previous licensee had abandoned operation; that this licensee operated from November 30, 1955, until it abandoned operations April, 1963; that plaintiff applied for license November 26, 1963; that all applicants prior to plaintiff had stated, on application forms, that no church or school was located within 300 feet of the tavern; that plaintiff answered this question by stating that the building was then being used as a tavern by American Legion Post 473, which was going to move; that plaintiff told him when he applied for license that his contemplated purchase of the building was conditional on his receiving a license; that witness then did not know of the location of a church within 300 feet of the tavern site; that he took the application *under advisement* because plaintiff had previously been licensed to sell liquor and his permit had been revoked, (later restored) by a previous director; that he made

an inspection of the area but did not learn that this store front building was a church; that, on February 20, 1964, he determined to issue the license, and so notified plaintiff; that, after clearance by the police department, the license was ready for delivery in April but was not paid for and delivered until June 18, 1964; that, thereafter, he learned of the location of the church and of complaints and disturbances; that he notified plaintiff that the license would not be renewed. He stated that, if he had known there was a church at the location occupied by it, he would not have issued a license to plaintiff because of his previous record in the liquor business.

Plaintiff's evidence established that he conditioned his contract to purchase the real estate on securing a liquor license and would not otherwise have purchased; that he had expended in excess of $15,000.00 on the property and improvements to it, some of it borrowed.

It is true that plaintiff has suffered a hardship but it is partly due to his own failure to report his knowledge of the existence of a church within 300 feet of the location at which he chose to operate a tavern. Under the facts and circumstances in evidence his conduct was not shown to be fraudulently intended, but his failure to state this fact contributed to bring about this situation. The Director withheld the acceptance of the application from November 26, 1963 until February 20, 1964, when he advised plaintiff that he would accept it. Mr. Hastings stated that plaintiff could have appealed to the board his failure to accept the renewal application, at any time after December 26, 1964, which was before the prior license expired. The location, as a tavern, was abandoned in April, 1963, months before the application by plaintiff was tendered. The Director's files, all of which were in evidence, indicated that all applicants for license, prior to plaintiff, had stated that there was no church or school within 300 feet of the property;

and plaintiff merely stated that a bar was licensed at this location.

■ We hold that plaintiff has no legal right to compel the renewal of his license by order of the court. To order issuance of this license would be for the court to order the Director to act against the admonition of the governing ordinance.

■ In the circuit court plaintiff relied on the doctrine of equitable estoppel. The court rested its judgment on that theory, in a memorandum opinion in which the following cases were cited: City of Mountain View v. Farmers' Telephone Exchange, 224 S.W. 155 (same case on certification to Supreme court, 294 Mo. 623, 243 S.W. 153); Peterson v. Kansas City, 324 Mo. 454, 23 S.W.2d 1045, 1048; School District No. 45 of Pemiscot County v. Correll, 220 Mo.App. 322, 286 S.W. 136, 139. Equitable estoppel may be applied against municipal corporations or their officers in matters pertaining to their governmental functions. However, in applying it, much caution is to be and should be observed. City of Mountain View v. Farmers' Telephone Exchange, 224 S.W. l.c. 157. "The rule is, that no one can be estopped by an act that is illegal and void, and an estoppel can only operate in favor of a party in a case *when there is no provision of law forbidding the party against whom the estoppel is to operate from doing the act which is sought to be carried out through its operation*". (Emphasis ours.) Himmell v. Leimkuehler, Mo. App., 329 S.W.2d 264, 271. Under the facts shown in this case the doctrine of equitable estoppel should not be applied.

The judgment is reversed and the cause is remanded with directions to enter a judgment affirming the order of the Liquor Control Board of Kansas City, Mo., sustaining the action of the Director of Liquor Control in refusing to renew the permit to sell alcoholic beverages at retail by the drink at 910 Southwest Boulevard, Kansas City, Mo.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.