QUEEN OF DIAMONDS, INC., a corp., and Gary Dean Bollinger, its Managing Officer, Respondent,

v.

The Honorable John J. QUINN, Excise Commissioner of the City of St. Louis, State of Missouri, Appellant.

No. 39477.

Missouri Court of Appeals, St. Louis District, Division Two.

June 27, 1978.

John J. Morton, Asst. City Counselor, St. Louis, for appellant.

Susan Block, St. Louis, for respondent.

REINHARD, Judge.

The Honorable John J. Quinn, Excise Commissioner of the City of St. Louis, appeals from the judgment of the Circuit Court reversing the appellant's decision to revoke the City of St. Louis Full Drink Intoxicating Liquor License of respondent, Queen of Diamonds, Inc.

On December 28, 1976, a hearing was held before appellant in regard to a citation issued by the City of St. Louis against respondent. The citation charged respondent with violating the following two sections of the Revised Code of the City of St. Louis, Missouri, 1960: Section 372.100, for failing to keep an orderly house, and Section 372.140, for permitting immoral dancing or lewd or indecent conduct. Although the citation referred to the ordinances by section number, it did not contain the ordinances in haec verba nor did it set out their substance other than through a description of the alleged violation.

The evidence offered at the hearing by the City in support of the charges consisted primarily of the testimony of Detective Roy Joachimstaler of the St. Louis Police Department. Detective Joachimstaler testified that on October 7, 1976, while at the Queen of Diamonds, Inc. tavern at 3900 Gravois Avenue in the City of St. Louis, he observed a dancer, employed by the respondent corporation, dressed only in a long blouse or "tee-shirt" and pantyhose. The woman was wearing nothing under the pantyhose. The detective testified that during her "dance" the woman raised the bottom of her blouse to expose her pubic hair through the pantyhose. The witness also stated that this woman, while dancing in a two piece bathing suit later that same evening, twice unhooked the top of her bathing suit to expose her breasts to certain patrons of the tavern. This woman and the manager of the tavern were then arrested by the detective and his partner. Respondent offered evidence that the dancer never purposely exposed herself as asserted by the City. There was also evidence at the hearing that respondent had earlier plead guilty to a previous charge of violating Section

372.140. On the basis of the evidence adduced at the hearing, Commissioner Quinn found that respondent had violated Sections 372.100 and 372.140 of the Revised Code of the City of St. Louis and issued an order revoking the St. Louis Full Drink Liquor License of respondent.

Queen of Diamonds, Inc. then filed a transcript of the evidence and a petition for review in the Circuit Court pursuant to § 536.150, RSMo 1969. Upon review of the transcript and the record of the administrative hearing, the Circuit Court found that the Commissioner's decision to revoke was not supported by substantial evidence, and the Court reversed. The opinion letter by Judge Hart of the Circuit Court stated ". . . under all of the circumstances and attitudes of society today . . . the acts observed by Officer Joachimstaler [sic] are not substantial evidence of 'lewd and indecent conduct' ", under Section 372.-140 of the Revised Code of the City of St. Louis, Missouri, 1960. From this decision of the Circuit Court the Commissioner appeals.

At no time during the hearing before the Commissioner or during the proceedings in the Circuit Court did the City offer into evidence the ordinances allegedly violated by respondent.

Pursuant to respondents' motion to dismiss the appeal due to appellant's failure to comply with Supreme Court Rule 84.04, we have reviewed the appellant's brief and find it adequate. The motion is denied.

■ The scope of judicial review of administrative decisions is limited to a determination of whether there was substantial and competent evidence on the whole record to support the agency determination. *Aubuchon v. Gasconade Cty. R–1 School District*, 541 S.W.2d 322, 326 (Mo.App.1976); *Baker & Theodore, Inc. v. Quinn*, 400 S.W.2d 477, 480 (Mo.App.1966). The reviewing court, whether it be the Circuit Court or the Court of Appeals, may not substitute its own judgment on the evidence for that of the administrative agency. *Aubuchon v. Gasconade Cty. R–1 School District, supra.* We hold that there was not substantial and competent evidence to support the decision and order of the Commissioner because of the failure by the City to offer into evidence the ordinances allegedly violated by respondent. Neither the Commissioner, the Circuit Court nor this Court had before it the ordinances and no determination could be made as to whether they were violated.

■ The courts of Missouri have repeatedly held that neither trial nor appellate courts will take judicial notice of municipal ordinances and that such ordinances may be recognized by the Court only if admitted into evidence or stipulated to by the parties. *Playboy Club, Inc. v. Myers*, 431 S.W.2d 228, 230 (Mo.1968); *City of Kansas City v. Narron*, 493 S.W.2d 394, 401 (Mo.App.1973); *City of Rolla v. Riden*, 349 S.W.2d 255, 258 (Mo.App.1961). The revocation of respondents' license was based on the violation of two ordinances; without the introduction of these ordinances into evidence a crucial element of proof of respondents' allegedly improper conduct is missing. That the ordinance was cited by section number in the citation filed by the City is not sufficient. *City of Rolla v. Riden, supra.* The ordinance should at least have been introduced into evidence or agreed upon. *City of St. Joseph v. Roller*, 363 S.W.2d 609, 611 (Mo.1963); *City of Riverside v. Weddle*, 544 S.W.2d 328, 330 (Mo.App.1976). Appellant's counsel has filed in this Court certified copies of these ordinances. We cannot consider them because they are not part of the record. *City of Rolla v. Riden, supra.* The absence of the ordinances from the record not only prevents both the Circuit Court and this Court from reviewing the application or constitutionality of those ordinances, but also renders insubstantial and incompetent the evidence on which the license revocation was based.

■ The fact that the initial proceeding herein was a license revocation hearing rather than a criminal prosecution and the general characterization of the revocation proceeding as a civil rather than a strictly criminal proceeding do not relieve the City from carrying its burden of proof as to a basis for revocation. Although it is not

necessary that violation of the ordinance be shown beyond a reasonable doubt, nevertheless, if revocation of the license is to be based on a violation of the ordinance, that ordinance must be a part of the record.

Appellant relies on *State ex rel. Bruno v. Johnson*, 270 S.W.2d 99 (Mo.App.1954) in asserting that the ordinances in question need not have been offered into evidence. The facts of *Bruno* are distinguishable from those of the present case. *Bruno* involved the denial by the Director of Liquor Control for Kansas City of an application for a liquor license.. The appellant, Ms. Bruno, then obtained review of the Director's decision before the Liquor Control Board of Review, which affirmed the Director's decision. The appellant then sought review in the Circuit Court by writ of certiorari, and the Circuit Court found the denial of the application to be unsupported by the necessary substantial and competent evidence. In reversing the Circuit Court, the Kansas City Court of Appeals rejected Ms. Bruno's contention that the ordinances regulating the issuance of licenses had not been offered into and therefore were not in evidence. The Court held that in her petition for writ of certiorari Ms. Bruno admitted the authority of the Director, that she recognized the ordinances in her application and in her petition that she never objected that the ordinance was not formally introduced, and that she ".  .  . tried her case as if the ordinance in question were in evidence and by so doing admitted its provisions." *State ex rel. Bruno v. Johnson, supra* at 101.

The crucial difference between *Bruno* and the instant case is that in *Bruno*, in applying for the license and in seeking review of the denial, Ms. Bruno was the moving party and as such was relying on the ordinances as the basis of her actions; her initial action was the application for the licenses, an application necessarily filed pursuant to the ordinances "admitted" by her. In the instant case, the initial action was the revocation action instituted by the City and the City was the movant. The respondent-licensee was merely defending against the citation served upon it. The City as movant had the burden of proof of

respondent's improper conduct and, as noted above, an element of that proof was the ordinances allegedly violated. The City was relying on the ordinance sections in its action against the respondent, who cannot be held to have admitted or stipulated to those ordinance sections for the purpose of making them a part of the record.

■ As to the preservation of this point for review, in both their petition for review to the Circuit Court and in their brief for this court, the respondent averred that there was not substantial and competent evidence on the whole record to support the finding that it had violated the ordinances. The failure to offer the ordinances into evidence or stipulate to them renders the record inadequate to support the decision of the Commissioner.

Albeit for a different reason than our finding, the Circuit Court found that the decision of the Commissioner was not supported by competent and substantial evidence. We affirm.

STEWART, P. J., and STEPHAN, J., concur.