**Wilbert LONG, Petitioner-Respondent,**

v.

**J.R., Defendant-Appellant.**

No. 48637.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 5, 1985.

Judge Lawrence Clark, St. Louis, for defendant-appellant.

William M. Frain, Public Counsel, St. Louis, for petitioner-respondent.

STEPHAN, Judge.

By order of January 18, 1983, the Juvenile Division of the Circuit Court of the City of St. Louis placed appellant, a twelve year old male, under its supervision and imposed various "rules of supervision." Neither that order nor a subsequent order entered on May 11, 1983, required detention. On November 21, 1983, respondent, as Chief Juvenile Officer of the City of St. Louis, filed a motion to modify the previous order in which respondent alleged that appellant had violated the rules of supervision on four separate occasions by violating an ordinance of the City of St. Louis.

At the hearing on the motion, respondent dismissed two of the specifications of the charge, and evidence was heard on the remaining two:

> That [J.R.] in the City of St. Louis, State of Missouri, on the 25th day of August, 1983, at 12:33 a.m., did willfully and unlawfully loiter, idle, and wander in or upon the public streets, highways, and roads, contrary to Section 15.110.010 of the Revised Code of the City of St. Louis.

> That [J.R.] in the City of St. Louis, State of Missouri, on the 20th day of November, 1983, at 12:15 a.m., did willfully and unlawfully loiter, idle, and wander in or upon the public streets, highways, and roads, contrary to Section 15.110.010 of the Revised Code of the City of St. Louis.

The Juvenile Division Referee made affirmative findings as to each and recommended that the custody and control of the child "be given to the Division of Children's Services for placement at Missouri Hills" detention home. The recommendation was "adopted and confirmed" by the Judge of the Juvenile Division, and this appeal followed.

Although a number of points are raised, only one need be noted. The ordinance referred to in the motion to modify, § 15.110.010, was not placed in evidence at the hearing nor was it stipulated to by the parties. Neither trial nor appellate courts in Missouri may take judicial notice of municipal ordinances. *Queen of Diamonds, Inc. v. Quinn*, 569 S.W.2d 317, 319 (Mo. App.1978). Moreover, the "rules of supervision" which had been imposed upon appellant are not a part of the record before us. Such omission precludes any consideration of whether the factual allegations and evidence adduced would support a finding that the rules had been violated.

Finally, respondent filed no brief but, with commendable candor, filed a document confessing error with respect to the omission of the ordinance from evidence. Accordingly, the judgment is reversed and the cause is remanded.

SIMON, P.J., and HAMILTON, J., concur.