**Michael D. NANCE, Appellant,**

v.

**CITY OF RAYTOWN, Respondent.**

**No. WD 37453.**

Missouri Court of Appeals,
Western District.

May 27, 1986.

As Modified June 26, 1986.

Rehearing Denied June 26, 1986.

Henri J. Watson, Russell S. Dameron, Kansas City, for appellant.

Robert G. Neds, Kansas City, for respondent.

Before SHANGLER, P.J., and DIXON and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This appeal involves review of an administrative decision under § 536.140, RSMo 1978, and Rule 100.02. The facts are simple. The appellant Nance worked as an emergency medical technician for the City of Raytown. Nance arrived at work one day and found his paycheck had been docked. His supervisor explained to him the pay cut resulted from an unexcused absence and the reasons and authority for this action would be explained to Nance later, as the supervisor had other duties to attend to. Nance wanted an immediate explanation and went to the personnel director and then returned to the supervisor. The supervisor told Nance to report to his duty station immediately. Nance did not return to work and was terminated pursuant to "Code Section 14–151(f)" for insubordination in failing "to return to the duty station after numerous directives to do so."

After a hearing, the Personnel Committee of the Board of Aldermen found Nance's supervisor instituted disciplinary action against him for violation of § 14–151(f) of the Code of Ordinances of Raytown because Nance was insubordinate in failing to leave the office and return to his duty station. The Personnel Committee upheld the termination. Section 14–151(f) was not introduced into evidence.

Nance's petition for review in the circuit court made no reference to the fact that the city ordinance under which he was terminated was not introduced into evidence. He did claim the findings and conclusions of the Personnel Committee were not supported by competent and substantial evidence. The circuit court affirmed the decision of the Personnel Committee.

On appeal, Nance's brief raises two points. First, he asserts affirmation of the termination was arbitrary, capricious and unreasonable because he was pursuing a work related grievance. He states the administrative decision was not supported by substantial and competent evidence on the whole record. He claims termination for insubordination under § 14–151(f) should not be interpreted to suppress internal grievance procedures. Nance's second point states the discipline meted out was

excessive because the city failed to give him ample warning to improve his work.

Nance unsuccessfully requested leave to supplement his brief to include § 14 of the Raytown Code. His alleged purpose was to aid this court. This court did grant Nance's request for leave to file a supplemental brief. In it he raised a third point attacking the administrative decision, stating the City did not introduce § 14–151 into evidence, and without the grounds for discharge in the record, the Personnel Committee's decision was not supported by a necessary element of proof. Nance relied on *Queen of Diamonds, Inc. v. Quinn,* 569 S.W.2d 317 (Mo.App.1978).

Deciding the ultimate issue on appeal has been clouded mainly by the failure of the parties to address in their briefs the fact that the ordinance under which Nance was fired was never placed into evidence. This situation was brought to the court's attention for the first time in Nance's supplemental brief and just before argument. Each side now claims the other had the burden of introducing the ordinance.

"A court may not take judicial notice of the existence or contents of city or county ordinances." *Consumer Contact Co. v. Department of Revenue,* 592 S.W.2d 782, 785 (Mo. banc 1980). This rule dates back to 1848, *see id.* at 785 n. 2, and "should [not] be disturbed or abandoned." *Id.* at 786. In *Consumer Contact,* the state sought to assess city and county sales taxes against a taxpayer without introducing the ordinances authorizing the assessments into evidence. The supreme court held for the taxpayer, stating the taxing authority had the burden of proving the ordinances authorized the tax assessment. *Id.* at 786.

The Department of Revenue argued on appeal the taxpayer had not disputed the existence and validity of the ordinances in question, thus relieving the state of any duty to introduce them into evidence. The court stated the taxpayer is not required to anticipate the state's failure to introduce the ordinances authorizing collection of taxes. Failure by the state to introduce the ordinances was immediately raised by the taxpayer in the petition for review at the circuit court. *Id.* The court held insufficiency of the evidence is a ground for judicial review and "[w]ithout the ordinances, there is not competent or substantial evidence to support the assessment of the taxes." *Id.*

*Queen of Diamonds, supra,* involved the revocation of a liquor license. The city did not introduce the ordinances allegedly violated. The circuit court reversed the revocation on the merits. The Eastern District held that because the ordinances were neither before the tribunal which heard the matter nor before the appeals court, there was not competent and substantial evidence to support the decision to revoke the license. *Id.* at 318–19. The court noted Missouri trial and appellate courts will take judicial notice of municipal ordinances only if they are admitted into evidence or stipulated to by the parties. *Id.* at 319.

Furthermore, the court stated the burden was on the city to introduce the ordinances to support revocation of the license, and failure to do so rendered the record inadequate to support the revocation. The opinion also determined the licensee preserved his point for review in both his petition for review to the circuit court and in his brief on appeal. *Id.* at 319–20.

*Tonkin v. Jackson County Merit System Commission,* 599 S.W.2d 25 (Mo.App. 1980), involved the dismissal of a merit employee. *Tonkin* states the whole concept of Merit System employment assumes that the status of an employee, once acquired, will not be disturbed except for cause. *Id.* at 31. *Tonkin* relied upon *Queen of Diamonds* and analogized the status of a merit employee to that of a licensee, stating the burden of proof was on the governing agency to sustain the reason for revocation or discharge. *Id.; see also Gamble v. Hoffman,* 695 S.W.2d 503, 506 (Mo.App.1985) (Highway Patrol had the burden of proof to sustain the reason for dismissal of a trooper). In *Tonkin,* the county ordinance relating to termination was not introduced at the Commission hearing. The opinion states ordinances must be introduced into evidence at

proceedings before administrative bodies. *Tonkin, supra,* at 30.

*General Motors Corp. v. Fair Employment Practices Division of the Council on Human Relations,* 574 S.W.2d 394 (Mo. banc 1978), concerned an employee's racial discrimination suit under a St. Louis city ordinance which was never admitted into evidence. *Id.* at 396. The supreme court noted the employee had the burden of proving his termination was *discriminatory* and violative of the ordinance. As such, a necessary element of his claim was the ordinance itself, a prime ingredient for agency determination and judicial review. Reference to the ordinance in the petition for review by the employer, the losing party at the Division hearing, did not prove the terms of the ordinance. *Id.* at 399–400. The high court analyzed the case on the merits only because the employee failed to prove his claim according to the standards of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), notwithstanding the fact that he failed to introduce the ordinance into evidence. The court emphasized its holding did not rest on this rule of evidence and made no directive to other courts to disregard the rule in other cases.

Despite the relatively clear cut facts, review is impeded by the fact that the ordinance was never entered into evidence by the city, which had the burden of proving the termination was justified under the ordinance. Though referred to by the parties and the administrative body, § 14–151(f) is not in the record by way of introduction or stipulation, and thus the case presents nothing for judicial review. Nance, who had no burden to introduce the ordinance, attempted to do so only after the case came to this court from the circuit court. The city fought any attempts to belatedly introduce the ordinance into evidence. Nance claims there is no competent and substantial evidence to support the administrative action but raised the ordinance issue only in his supplemental brief. All of this has rendered the other briefs useless and oral argument most confusing.

The city's failure to introduce the ordinance into evidence totally negates the administrative action. The Personnel Committee's decision cannot be supported by competent and substantial evidence without the underlying ordinance. Since the ordinance could have been introduced with reasonable diligence and was not improperly excluded, the case may not be remanded. *Consumer Contact, supra,* at 787. The judgment of the circuit court is reversed and remanded with directions to the City of Raytown to reinstate Nance and to allow Nance upon remand to proceed before the Personnel Committee of the City to determine the amount of back pay due him. *Gamble v. Hoffman,* 695 S.W.2d 503, 509 (Mo.App.1985).

SHANGLER, J., concurs.

DIXON, J., concurs in result in separate opinion.

DIXON, Judge, concurring in result.

I am forced to concur in the opinion of Judge Lowenstein. There is no doubt that the law requires that we reinstate this employee. The failure of the city to introduce its ordinances is fatal to the validity of the discharge under the present state of the law. If the question were an open one, I would prefer a rationale in the case law that permits the appellate court to exercise discretion in taking judicial notice of ordinances. Many large municipalities now have well codified and easily accessible ordinances. This court should be able to take judicial notice in a situation where the ordinances are readily available and avoid an inappropriate result.