MAX KINZEL ET AL. *v.* DON RETTINGER ET AL.

[No. 871A165. Filed February 8, 1972.]

*Nelson G. Grills,* of Indianapolis, *Howard Heckner,* of Ligonier, for appellants.

*Frederick E. Rakestraw, Brown, Brown & Rakestraw,* of Rochester, for appellees.

SHARP, J.—This is an appeal from a judgment of the Marshall Circuit Court whereby the Court denied the granting of an injunction sought by Plaintiffs-Appellants, which would have enjoined the Defendants-Appellees from closing an elementary school in the village of Tippecanoe.

Appellants filed their complaint on August 23, 1971, requesting a restraining order without notice and an injunction. The only allegation in said complaint given as a basis for the injunction was that:

> "The decision of the Board of School Trustees of Triton School Corporation was arbitrary and capricious and contrary to law in this that:
> A. They acted without sufficient information and study."

After several motions and petitions filed by Appellees, the last being treated by the trial court as an affirmative answer, the cause was submitted for hearing after which the trial court pursuant to rule TR 52, made the following findings:

> "The Court, having heard the evidence presented on behalf of the parties, having heard arguments of counsel, and being duly advised, now enters its findings and judgment in this cause as follows:
> "The Court now finds that on January 5, 1971, the defendants acted to take the students from the school building located at Tippecanoe, Indiana, to the elementary school building in Bourbon, Indiana.
> "The Court now finds that the decision as made by said defendants was a decision within the legal authority of said defendants and that it was a decision made reasonably upon

information before the defendants and factors to be considered by the defendants.

"The Court further finds that there has been and will be no great or irreparable harm or injuries to the plaintiffs or to their children, and that no waste of tax money has been established by reason of the defendants' actions.

"The Court further finds that there is no arbitrary or capricious action on the part of the defendants or no fraud on the part of the defendants established by the evidence.

"Upon the facts thus found by the Court, the Court concludes that the plaintiffs are not entitled to recover any relief on their complaint and that the temporary restraining order heretofore issued should be dissolved.

"It further appears to the Court by the admissions in open court of counsel for both the plaintiffs and defendants that this cause should be finally adjudicated at this time, and that no further hearing or trial is necessary on the plaintiffs' complaint or injunction."

The only issue presented by the Motion to Correct Errors which has been preserved and argued on appeal is that the decision was not supported by sufficient evidence. Appellants, having initially sought the injunction against Appellees in the trial court, had the burden of proving the allegation that Appellees acted in an arbitrary and capricious manner. The trial court denied the relief sought, and Appellants are appealing from that negative verdict. A verdict against the party with the burden of proof presents no question to this court on the grounds of insufficiency of the evidence. *Bastow* v. *Knotts* (1956), 126 Ind. App. 152, 131 N. E. 2d 155, *Graves* v. *City of Muncie* (1970), 255 Ind. 360, 264 N. E. 2d 607, and *Pokraka* v. *Lummus Co* (1951), 230 Ind. 523, 104 N. E. 2d 669.

Even assuming that Appellants have properly raised and preserved the alleged errors committed below, the only issue presented here for review is whether the action of Appellees was arbitrary and capricious, in that there were no facts which would lead a reasonable and honest man to take the action taken by Appellees. Only

actions of an administrative body which are found to be arbitrary and capricious will be set aside by a court. *City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 199 N. E. 2d 703; *Phillips* v. *Officials of the City of Valparaiso* (1954), 233 Ind. 414, 120 N. E. 2d 398. Arbitrary or capricious action is action taken without some basis which would lead a reasonable and honest man to such action. *State Bd. of Tax Comm.* v. *Chicago, Milwaukee, St. Paul & Pacific R. Co.* (1951), 121 Ind. App. 302, 96 N. E. 2d 279.

Furthermore, the law of Indiana is clear that the burden is on the party seeking to upset an administrative order to show that there are no substantial facts to support the finding or action taken. *State Dept. of Financial Inst.* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N. E. 2d 248. In this regard this court need only determine whether there is any evidence of probative value to support the judgment of the trial court and for this purpose only the evidence and inferences most favorable to the judgment below are to be considered. *Isenhour* v. *Speece* (1950), 238 Ind. 293, 150 N. E. 2d 749; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

A detailed recitation of the facts underlying the decision of the trial court would serve no useful purpose except to lengthen this opinion and will, therefore, not be undertaken. Suffice it to say that the school board acted upon a survey and recommendations made by School Survey Services of Ball State Teachers College pursuant to contract, an oral report made by an architect and a report from the Administrative Building Council based upon a detailed examination of the school by Mr. Wayne Weber, a registered architect and registered construction engineer on the staff of the Administrative Building Council. The evidence contained in the above documents and reports was ample to support the removal of students from the Tippecanoe Buildings as a reasonable action on the part of Appellees.

Finally, Appellees argue several theories concerning the failure of the school board to comply with certain statutes, failure to obtain a change of occupancy from the Office of the Superintendent of Public Instruction, and a failure to obtain a variance from the Administrative Building Council. None of these arguments were raised or used as a basis for Appellants' action in the trial court. Questions as to a proposition of fact not presented to the trial court and upon which no evidence was introduced cannot be raised for the first time on appeal. *Mitchell* v. *Falter* (1955), 126 Ind. App. 34, 126 N. E. 2d 769.

For the above reasons the judgment of the trial court should be and hereby is affirmed.

Hoffman, C.J., Staton, J., concur.

NOTE.—Reported in 277 N. E. 2d 913.