CHARLES C. MELTON, JR., DOROTHY D. MELTON *v.* THE AREA PLAN COMMISSION OF EVANSVILLE AND VANDERBURGH COUNTY.

[No. 1-573A96. Filed June 20, 1974.]

*Trockman, Flynn & Swain,* of Evansville, for appellant.

*Cox, Schroeder, Dodd, Staser & Mitchell,* of Evansville, for appellee.

LYBROOK, J.—Defendants-appellants Charles and Dorothy Melton appeal from a judgment permanently enjoining the use of their property in a manner allegedly violative of the planning and zoning code of Evansville.

The specifications of error presented for review raise the question of whether the trial court's judgment is supported by sufficient evidence.

The record reveals that since December 5, 1969, the Meltons have rented as sleeping units certain mobile homes located

upon their property. The units were available for rental upon a daily, weekly, or monthly basis. Melton testified that occupancy periods had ranged from a few days to over a year and that a person could rent a unit for as long as he desired. With respect to the rental units themselves, Melton testified that none had wheels and that the axles had been removed from several. He further testified that at the time of trial, he was in the process of permanently affixing the units to concrete foundations. All but one of the rental units contained kitchen facilities.

On September 8, 1970, plaintiff-appellee Plan Commission filed its complaint seeking to enjoin the above described use of the Melton property. It was alleged that the property was zoned C-4 "General Commercial" and that said classification does not permit the use of mobile homes for dwelling purposes. The Meltons contended that their operation was in the nature of a motel facility, and that such is permitted under the applicable zoning classification.

The trial court granted the injunction sought and ordered the Meltons to remove those mobile homes being used as sleeping units from the premises. We reverse.

An action to restrain the violation of a zoning ordinance is sustained by allegation and proof of (1) an ordinance and (2) a violation of that ordinance. *DeSchamps* v. *Board of Zoning Appeals* (1961), 241 Ind. 615, 174 N.E.2d 581.

While the Plan Commission introduced into evidence the ordinance rezoning the Melton property to C-4 "General Commercial", it did not likewise introduce those relevant sections of the planning and zoning code from which it could be determined whether the Meltons' use was in violation of that classification.

We note at this point that both parties in their closing statements requested that the court take judicial notice of

certain sections of the City Code of Evansville. Subsequently, in their post trial briefs both parties reproduced or summarized certain sections of the applicable ordinances which they deemed most favorable to their respective positions.

In our opinion, however, the relevant ordinances should have been offered and admitted into evidence. This step is clearly a requisite element of the Plan Commission's cause of action. *DeSchamps, supra.* Proof of the relevant ordinances is a logical necessity given the established principle that this court does not take judicial notice of city ordinances. As our Supreme Court said in *McClurg* v. *Carte* (1970), 255 Ind. 110, 262 N.E.2d 854:

> "Finally, it is urged that the City of Richmond had adopted a 'Comprehensive Master Plan' which required the approval of the Richmond Plan Commission before a street could be vacated. There is, however, no evidence in the case other than the statement in the brief of the appellants that any such ordinance was adopted by the City of Richmond. There is some reference in the testimony that a witness participated in 'the development' of a comprehensive plan, but there is no evidence that it was ever adopted and became legally effective. There is an established procedure by which municipal ordinances may be proved and placed in evidence. There was no attempt to do that in this case. This Court does not take judicial notice of city ordinances. *Indianapolis Traction and Terminal Co.* v. *Hensley* (1917), 186 Ind. 479, 115 N.E. 934; *Rainey* v. *City of Indianapolis* (1946), 224 Ind. 506, 68 N.E.2d 545; 20 I.L.E. Municipal Corporations, § 61."

Clearly, the failure to introduce the applicable ordinances into evidence deprives us of the foundation upon which to review the trial court's decision. Since the Plan Commission carried the burden of proving those sections of the planning and zoning code necessary to demonstrate a violation thereof by defendants, we must conclude that the judgment of the trial court is not supported by sufficient evidence.

Judgment reversed and cause remanded with instructions to the trial court to enter an order dissolving the injunction granted.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 312 N.E.2d 501.