MORRIS J. ELMORE, DARHIS ELMORE, JOHN GRAHAM AND MARY GRAHAM *v.* CITY OF SULLIVAN, WILLIAM DONELLY AS MAYOR, FREDA HOFFNER AS SULLIVAN CITY CLERK TREASURER, PAUL TAYLOR AS PLANNING AND ZONING COMMISSIONER OF THE BOARD OF ZONING APPEALS OF THE CITY OF SULLIVAN, INDIANA, HAROLD GAMBILL AS MEMBER OF THE BOARD OF ZONING APPEALS, GARY INBODY AS MEMBER, YVONNE LONGFIELD AS MEMBER, REX PIERCE AS MEMBER, AND JAMES VANCE AS MEMBER, WESTSIDE REALTY, INC., AND LASTLY BURGER CHEF, INC.

[No. 1-178A14. Filed September 13, 1978. Rehearing denied October 11, 1978.]

*Kenneth E. Levin,* of Terre Haute, *C. Joseph Anderson,* of Terre Haute, for appellants.

*Robert G. Lowry,* of Sullivan, for appellees.

ROBERTSON, J. — Plaintiffs-appellants, Morris J. Elmore, Darhis Elmore, John Graham and Mary Graham (hereinafter Elmores) bring this appeal from the dismissal of their action for declaratory judgment by the Sullivan Circuit Court. At issue is whether that court lacked jurisdiction to entertain the action.

We affirm.

Although somewhat obfuscated, the facts, as we discern them, are as follows. Westside Realty, Inc. owned a parcel of unimproved real estate in the City of Sullivan, Indiana. This parcel was destined to become the site of a Burger Chef restaurant. The Grahams own a residence adjacent to the parcel, and the Elmores own a residence adjacent to the Grahams.

The Sullivan Board of Zoning Appeals was petitioned for a variance from the set-back requirements of the Sullivan Zoning Ordinance in order to provide parking spaces for the restaurant. Notice was given to both the Grahams and the Elmores, and a hearing on said petition was held on April 21, 1977. The variance was granted. On or about April 26, 1977, the Sullivan Building Commissioner issued a building permit for the restaurant to be built on the parcel. Thereafter, on May 11, 1977, Elmores brought an action in Sullivan Circuit Court which sought (1) to have the building permit declared null and void, (2) to enjoin construction of the restaurant on the parcel, and (3) to enjoin the Sullivan Board of Zoning Appeals from granting special exception from the master zoning regula-

tions so as to permit the construction of a restaurant on the parcel. Westside Realty, Inc. and the other named defendants filed a motion to dismiss pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(1), (2), and (6), alleging lack of jurisdiction and failure to state a claim upon which relief could be granted. The Circuit Court dismissed the action August 1, 1977, finding Elmores had failed to exhaust administrative remedies and that the court had no jurisdiction.

On appeal, Elmores allege the Circuit Court erred when it found Elmores had failed to exhaust administrative remedies and that the court had no jurisdiction. The essence of their argument in support of that allegation is that they were not required by either the Zoning Act of 1947[1] or the Zoning Ordinance of the City of Sullivan, adopted under authority of said Act, to pursue administrative appeal before seeking equitable relief directly from the court.

Our scrutiny of the record to ascertain the verity of the Elmores' argument regarding jurisdiction has disclosed instead an infirmity that dictates affirmation of the dismissal, quite aside from any consideration of jurisdiction.

An integral part of the Elmores' appeal is their contention that a section of the Sullivan zoning ordinance authorizes the suit they brought in the circuit court. Indeed, their very complaint was predicated upon the alleged violation of a local zoning ordinance. Yet, no part of that ordinance was made a part of the complaint nor does the record contain the applicable ordinances sought to be invoked by the Elmores. Rather, Elmores have merely alluded to particular sections of the ordinance. Such reference is inadequate for purposes of stating a claim upon which relief could be granted. As stated in *Indianapolis Traction and Terminal Co. v. Hensley* (1917), 186 Ind. 479, 487, 115 N.E. 934, 937, and quoted in *In the Matter of Public Law No. 305 and Public Law No. 309* (1975), 263 Ind. 506, 512, 334 N.E.2d 659, 662, "[T]he general rule is well settled that courts do not take a judicial notice of ordinances of incorporated towns and, where suit is predicated on such an ordinance, so much of the same as relates to the action must be made a part of the complaint."

---

1. Ind. Code 18-7-5-1—99.

In the instant case, as there was no adequate showing on the face of the complaint or in the record of the existence of the ordinance, *a fortiori*, any allegation of violation was meaningless because, from the pleadings before the court, there existed no ordinance to be violated. For this reason, the trial court would have been justified in dismissing the complaint — not necessarily for lack of jurisdiction, but under a TR. 12(B)(6) failure to state a claim upon which relief could be granted.

Justice Arterburn, in *Cain v. State* (1973), 261 Ind. 41, 45-6, 300 N.E.2d 89, 92, stated that:

[I]n reviewing a judgment on appeal it is the duty of the Supreme Court to sutain the action of the trial court if it can be done on any legal ground on the record. This is true even though the reason given by the trial court might be erroneous, if the ruling can be sustained on another ground.

That rule obtains with equal force in a review by the Court of Appeals, and it applies as well where the ruling appealed from is a dismissal. *Lynch v. Holy Name Church* (1962), 133 Ind.App. 492, 179 N.E.2d 754; 2 I.L.E. *Appeals* § 472 (1957).

We therefore affirm the trial court's dismissal of the Elmores' complaint but express no opinion regarding the validity of the reason given by the trial court for such dismissal.

Affirmed.

Lybrook, P.J., concurs.

Young, J., concurs in the results.

NOTE — Reported at 380 N.E.2d 108.