WARREN W. SPURLING AND KAREN SPURLING *v.* THE AREA PLAN COM-
MISSION OF EVANSVILLE AND VANDERBURGH COUNTY

[No. 1-877A181. Filed October 19, 1978. Rehearing denied November 22, 1978.
Transfer denied March 9, 1979.]

*Ronald Warrum, Bates, Warrum & Noffsinger, Timothy R. Dodd, P.
Michael Mitchell,* of Evansville, for appellant.

*John C. Cox,* Department of Law, City of Evansville, for appellee.

LYBROOK, P.J.—Defendants-appellants Warren and Karen Spurling
bring this appeal from a judgment permanently enjoining the use of
their property at 6125 Oak Hill Road, Evansville, Indiana, as a used car
outlet in violation of the planning and zoning code of Evansville and
Vanderburgh County.

The specific issues presented for our review have been summarized
as follows:

(1)   Whether the decision of the trial court is supported by suffi-
cient evidence upon all the necessary elements of plaintiff's claim.

(2)   Whether the decision of the trial court was contrary to the
evidence and therefore contrary to law.

(3)   Whether the trial court granted excessive relief.

The record reveals that the Spurlings lived at the address in question. In addition to their residential telephone lines, they had six commercial telephone numbers installed at that address. Photographs of the residence, taken at different dates and times, illustrate an unusually large number of automobiles without license plates, parked on both sides of the home. Further, evidence established that the Spurlings advertised cars for sale in the classified advertising section of the local newspaper, listing the six commercial telephone numbers assigned to them. Testimony was offered to show that at least one sale had occurred at the residence. No testimony was offered by the Spurlings and Mr. Spurling relied on the Fifth Amendment to the United States Constitution in refusing to testify when called as a witness by the plaintiff.

It is plaintiff's contention that the Spurlings' car sales activities were in violation of Vanderburgh County Comprehensive Ordinance No. 1053, as amended, which classified the Spurling property as residential (R-1 or R-1A). The Spurlings, who operated a used car sales outlet in another area of Evansville, had previously petitioned for a change in the zoning from residential to residential (R-1A) and commercial (C-1B) for use of the property as both a residence and used car sales. No action was taken on the petition for rezoning.

The Indiana Supreme Court has ruled that allegation and proof of a valid ordinance and evidence establishing a violation of that ordinance will sustain a suit for injunction against a landowner. *DeShamps v. Board of Zoning Appeals of Kokomo*, (1961) 241 Ind. 615, 174 N.E.2d 581; *Board of Zoning Appeals of City of Plymouth v. Heyde* (1974), 160 Ind.App. 165, 310 N.E.2d 908; *Melton v. Area Plan Com'n of Evansville and Vanderburgh County* (1974), 160 Ind.App. 476, 312 N.E.2d 501.

The ordinance in question is Vanderburgh County Comprehensive Ordinance No. 1053, a certified copy of which was offered at trial. The Spurlings objected to its admission on the grounds that it was incomplete, having no maps attached, as well as for the reason that there was no proper foundation laid by the plaintiff to show that the adoption of the ordinance and master plan complied with the provisions of Acts

of 1947, Chapter 174 (Ind. Code 18-7-5-1 *et seq.*) nor was there proof of publication, as is required for penal ordinances.[1]

The Spurlings argue that there is no evidence that (1) the Secretary of the Plan Commission, as it existed in 1963, certified a copy of the plan to the County Commissioners; (2) nor that the Commissioners met after receiving a certified copy from the Secretary; (3) nor that the Plan Commission made any recommendations regarding boundaries of districts and regulations to be enforced; (4) nor that the Plan Commission ever made any final report; and (5) finally, that the Plan Commission ever passed the ordinance after the final report was made.

We must agree with the Spurlings that the manner used by the Plan Commission in offering the ordinances into evidence led to unnecessary confusion.

While there is no showing that the Comprehensive Zoning Ordinance No. 1053 was enacted pursuant to the provisions of Ind. Code 18-7-4-48 *et seq.*, the copy of the ordinance which was admitted as Plaintiff's Exhibit No. 5 shows that the ordinance was approved by the Board of Commissioners of Vanderburgh County on September 30, 1963, and was amended July 30, 1973. The Vanderburgh County Auditor certified the amended ordinance which was offered at trial.

The statute governing the proof of county ordinances is Ind. Code 17-2-2.5-8, which provides:

"The county council, pursuant to section 2, and *county commissioners*, when each has the power to pass ordinances, orders, resolutions and motions for the government of the county, *shall perform in accordance with the following provisions*:

(a) a majority of all the members-elect shall constitute a quorum;

(b) it shall require a majority vote of all the members-elect to pass an ordinance;

(c) whenever it is required that any ordinance, resolution or

---

1. The Area Plan Commission of Evansville and Vanderburgh County was established pursuant to Ind. Code 18-7-4-1 *et seq.*, as set forth in its complaint against the Spurlings.

other action taken be passed by a two third [²/₃] or majority vote, such requirement shall be construed to mean a two thirds [²/₃] or majority vote respectively of all the members elected;

(d) no ordinance, order or resolution shall become a law, or be operative until it has been signed by the presiding officer thereof, and, whenever necessary, promulgated according to law;

(e) no ordinance, shall be passed on the same day, or at the same meeting, that it is introduced, except by unanimous consent, and then only in case there are present and voting at least a majority of all the elected members, except that actions for additional appropriations made by the county council may be introduced and passed on the same day;

(f) every ordinance imposing a penalty or forfeiture for the violation thereof shall, before the same shall take effect, be published, once each week for two [2] consecutive weeks, as provided under IC 1971, 5-3-1-4; and

(g) *all ordinances shall, within a reasonable time after their approval, be recorded in a book kept for that purpose by the county auditor. Such record shall include the signature of the presiding officer and the attestation of the auditor. Such record or a certified copy thereof, shall be presumptive evidence of the passage and going into effect of such ordinance.*" (Emphasis added.)

A certified copy of Ordinance No. 1053 was offered by the Plan Commission and attested to by the Vanderburgh County Auditor, who testified at trial that it was a "true and exact copy" of the amended ordinance. The ordinance incorporated by reference a map of the area owned by the Spurlings (Plaintiff's Exhibit No. 6-A). Article III, Section 2 of Ordinance No. 1053, pages 20-21, states:

"Section 2. ZONING DISTRICT MAPS

The Areas assigned to these Districts, the designations of same, and the boundaries of said Districts shown upon the maps hereto attached and made a part of this Ordinance are hereby established, said maps being designated as the 'ZONING DISTRICT MAPS' and said maps and the proper notations, references and other information shown thereon, *shall be as much a part of this Ordinance as if the matters and information set forth be [sic, by] said map were all fully described herein.* Said maps are identified by the signatures

of the Board of County Commissioners of Vanderburgh County, Indiana, together with the number of this Ordinance and its effective date. . . ." (Emphasis added.)

Plaintiff's Exhibit No. 6-A, a map of the area containing Spurlings' residence, met all the requirements set out above, and we think that the Plan Commission met its burden of establishing the existence of a valid ordinance.

The record shows that Ordinance No. 1053 was enacted and in effect at the time this complaint was filed. Moreover, there was evidence from which the trial court could find that used cars were being sold at the 6125 Oak Hill Road residence, in violation of the ordinance.

Finally, Mrs. Spurling asserts that the judgment was excessive in that the trial court issued an injunction against her even though no evidence was offered to show that she in fact violated the zoning ordinance.

The record shows that Warren W. and Karen Spurling were the record owners of, and resided at, the real estate at 6125 Oak Hill Road in Evansville, and a complaint was issued by the Area Plan Commission against both of them. An answer to the complaint was filed by "Attorneys for Defendants" listing both Warren and Karen Spurling, and using plural language in referring to the defendants.

The joint title of the real estate coupled with the fact that Mrs. Spurling shared the residence with her husband permits a logical series of inferences to the effect that she had knowledge of the commercial telephone lines and the unusual number of vehicles on the premises. We believe this is sufficient evidence for the trial court to infer that Mrs. Spurling permitted use of the property in violation of the ordinance. Thus the trial court did not err in directing the injunction also against Mrs. Spurling.

The issuance of an injunction restraining the Spurlings from violating the ordinance is within the provisions of Ind. Code 18-7-4-91, which reads:

"*The plan commission*, the board of zoning appeals, or any designated enforcement official, *may institute a suit for injunction in the circuit court of the county to restrain an individual or a govern-*

*mental unit from violating the provisions of this act, or of an ordinance enacted pursuant to its terms.* The plan commission, or the board of zoning appeals, may also institute a suit for a mandatory injunction, directing an individual or a governmental unit to remove a structure, erected in violation of the provisions of this act, or of an ordinance enacted pursuant to its terms. If the plan commission or the board of zoning appeals is successful in its suit, the respondent shall bear the costs of the action. A change of venue from the county shall not be granted in such a case." (Emphasis added.)

The Indiana General Assembly clearly intended such a remedy, and we find the action of the trial court in issuing such an injunction neither excessive, unreasonable, nor contrary to law.

The judgment of the trial court is affirmed in all respects.

Affirmed.

Lowdermilk and Robertson, JJ., concur.

NOTE—Reported at 381 N.E.2d 507.