**MIDWEST STEEL ERECTION COMPANY, INC. Appellant (Petitioner Below),**

v.

**COMMISSIONER OF LABOR of the State of Indiana, and the Indiana Board of Safety Review, Appellees (Respondents Below).**

No. 3–185A10.

Court of Appeals of Indiana, Third District.

Sept. 30, 1985.

Joseph Stalmack, James W. Roehrdanz, Galvin, Stalmack & Kirschner, Hammond, for appellant.

Charles L. Berger, Evansville, for appellees.

STATON, Presiding Judge.

Midwest Steel Erection Company, Inc. (Midwest) was cited by the Indiana Division of Labor for violation of standards adopted pursuant to the Indiana Occupational Safety and Health Act, IC 22–8–1.1–1 et seq. The Board of Safety Review upheld the citation, rejecting a hearing officer's recommendation that it be vacated on the grounds that the regulation in question was ambiguous and unenforceable. The trial court affirmed the decision of the Board of Safety Review and Midwest appeals. Because we reverse we need address only Midwest's contention that it was denied its right to due process because the regulation is vague and ambiguous.[1]

Midwest was a subcontractor on the Cline Avenue bridge extension project in East Chicago, Indiana. Its employees were working on an elevated section of the roadway known as Ramp "C" which ranged in height from forty-six (46) feet to eighty-two (82) feet above the ground and was over nine hundred (900) feet long. The parties stipulated that one (1) stairway or ladder was provided for employee access to Ramp "C". On April 15, 1982 a portion of Ramp "C" collapsed leaving a Midwest employee stranded on the uncollapsed portion with no means of access to the ground. As the employee was climbing down the remaining structure it, too, collapsed, killing the employee. The Office of the Commissioner of Labor inspected the worksite from April 16, 1982 through October 7, 1982 and on October 8, 1982 issued a citation charging Midwest with a serious violation[2] of 29 CFR 1926.501(a), adopted pursuant to IC 22–8–1.1–13.1 (Burns Code Ed. 1974), which provides:

"On all structures, two or more floors, (20 feet or over) in height, stairways, ladders, or ramps shall be provided for employees during the construction period."

The Board of Safety Review concluded and the trial court affirmed, that the above regulation "requires that more than one (1) stairway, ladder or ramp is required where the structure is more than twenty (20) feet or two (2) stories above the ground."

Courts are limited in reviewing the action of administrative agencies. Judicial review of an administrative determination is limited to a determination of: whether the agency possessed jurisdiction over the matter; whether the order was made in accordance with proper legal procedure; whether it was based upon substantial evidence; and, whether it violated any constitutional, statutory or legal principles. *Allen v. Scherer* (1983), Ind.App., 452 N.E.2d 1031, 1034. In determining whether an administrative decision is supported by substantial evidence, the trial court must examine the whole record to determine whether the board's decision lacks a reasonably sound basis of evidentiary support. *Metropolitan Sch. Dist. of Martinsville v. Mason* (1983), Ind.App., 451 N.E.2d 349, 353. The Court of Appeals, in reviewing the decision of an administrative body may not substitute its own opinions and conclusions for those of the board but must give deference to the expertise of the board. *Aaron v. Review Board of Indiana, etc.* (1981), Ind.App., 416 N.E.2d 125,

1. The Commissioner raised a number of points concerning Midwest's compliance with the rules of appellate procedure and asserted that Midwest has waived certain issues as a result. All of the Commissioner's contentions in this regard were utterly without merit so we do not address them further.

2. A serious violation is deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists ... unless the employer did not know or could not with the exercise of reasonable diligence, have known of the presence of the violation of IC 22–8–1.1–27.1(b) (Burns Code Ed.1974).

133. Generally, administrative decisions must be based upon ascertainable standards to ensure that agency action will be orderly and consistent. The standards should be stated with sufficient precision to provide those having contact with the agency fair warning of the criteria by which they will be judged. *Mugg v. Stanton* (1983), Ind.App., 454 N.E.2d 867, 869.

Midwest argues that the standard it is charged with violating does not provide "fair warning" of what is required or prohibited and is therefore unenforceably vague. *See United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516. The Commissioner urges that the regulation requires multiple ladders and stairways or ramps on a structure over twenty (20) feet high and Midwest, having provided only one stairway, clearly violated that mandate. Midwest, on the other hand, contends that the words "ladders", "stairways" and "ramps" are plural simply because the word "structures" is plural, and that a requirement of multiple ladders, etc. would have read "On *any* structure ... ladders, stairways or ramps shall be provided...."

█ The test to be applied in determining whether a standard can withstand a challenge for vagueness is whether the standard is so indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application. *Allis-Chalmers Corp. v. OSAHRC*, 542 F.2d 27, 30 (7th Cir.1976). The federal courts have applied this test in a number of cases relating to occupational safety regulations. In *Dravo Corporation v. OSAHRC*, 613 F.2d 1227 (3rd Cir.1980) an employer was held not to be subject to sanctions for non-compliance with safety standards "without adequate notice in the regulations of the exact contours of his responsibility." *Id.* at 1234. The court followed the Fifth Circuit's opinion in *Diamond Roofing Co. v. OSAHRC*, 528 F.2d 645 (1976) in applying the rule that the applicability of penal sanctions in regula-

tions is to be narrowly construed and stated that OSHA regulations must be "written in clear and concise language so that employers will be better able to understand and apply them, 613 F.2d at 1232," quoting from *Diamond Roofing Co., supra* at 650.

In *Kropp Forge Co. v. Secretary of Labor*, 657 F.2d 119 (7th Cir.1981) the employer was charged with violating a regulation which required a "continuing effective hearing conservation program" where sound levels in the workplace exceeded certain levels. The citation charged that the employer's program lacked six elements necessary to constitute an effective program. The court concluded that the standard was unconstitutionally vague because it did not give any warning to employers that their conservation program must contain these six elements. *Id.* at 124. Where penal sanctions are involved the regulation must give reasonable notice of the conduct said to be prohibited in the light of common understanding. *Id.* at 123.

The Seventh Circuit has recognized that as a general rule courts must defer to an agency's interpretation of a regulation "if that interpretation is a reasonable one even though some other interpretation would be more reasonable." *Matter of Metro-East Mfg. Co.*, 655 F.2d 805, 810 (7th Cir.1981). However,

"The responsibility to promulgate clear and unambiguous standards is upon the Secretary. The test is not what he might possibly have intended, but what he said. If the language is faulty, the Secretary has the means and obligation to amend."

*Id.*, quoting *Marshall v. Anaconda Co.*, 596 F.2d 370, 377 n. 6 (9th Cir.1979).

█ The case at bar presents a classic example of such differing interpretations of the subject regulation. In our opinion the more reasonable interpretation of the regulation is that any structure more than twenty (20) feet high must be accessible by ladder, stairway or ramp so that employees are not forced to clambor up steel girders or shinny down ropes to get to and from

their work areas. It simply does not address the question of how many means of access are required, but if the Commissioner's interpretation that multiple ladders, stairways or ramps must be provided on *every* structure is reasonable, we are still left with the question of whether that gives fair warning to an employer of what is required. We must agree with the hearing officer that the ladder requirements might be quite different for a two-by-two platform than for, as here, a nine hundred (900) feet long section of roadway. If violation of a regulation subjects private parties to criminal or civil sanctions, a regulation cannot be construed to mean what an agency intended but did not adequately express. *Diamond Roofing Co., supra* at 649. If the regulation here is intended to address the number or adequacy of access routes rather than merely the *fact* of such access to an elevated structure, then the regulation misses its mark. Despite the language cited by the trial court from *Faultless Division v. Secretary of Labor,* 674 F.2d 1177 (7th Cir.1982) that "the purported vagueness of a standard is judged not on its face but rather in the light of its application to the facts of the case," the court there was faced with a regulation which was clearly more precise and specific than the regulation in this case. The regulation in *Faultless* required the point of operation of machines to be guarded. It listed some of the machines covered, including power presses. The court held the regulation was sufficiently specific to apprise Faultless in clear terms that its power presses must be guarded since the regulation applied to all machines, defined the area that must be guarded, stated what an effective guarding device must achieve and even provided several examples of guarding devices. *Id.* at 1187.

Even though the tragedy on Ramp "C" strongly suggests that one ladder or stairway wasn't enough, the interpretation urged by the Commissioner does nothing to inform an employer what it would take to be in compliance. An occupational safety and health standard must provide a reasonably clear standard of culpability to circumscribe the discretion of the enforcing authority and its agents. *Diamond Roofing Co., supra* at 649.

We hold that the regulation at 29 CFR 1926.501(a) is ambiguous on the question of whether more than one means of access is required on any elevated structure, and even if construed to mean that multiple means of access are required, is unconstitutionally vague regarding what number would constitute compliance.

Therefore we reverse the Board's decision.

GARRARD and HOFFMAN, JJ., concur.