**ORIENTAL HEALTH SPA, Appellant**
**(Petitioner Below),**

v.

**CITY OF FORT WAYNE, Appellee**
**(Respondent Below).**

No. 02A03–8703–CV–72.

Court of Appeals of Indiana,
Third District.

Aug. 10, 1988.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant.

Phillip A. Renz, Karen S. Walker, Fort Wayne, for appellee.

STATON, Judge.

This is an appeal from a judicial review proceeding in which Oriental Health Spa (Oriental) challenged the decision of the Fort Wayne City Controller denying Oriental massage business license renewal. Later, the decision of the Controller was affirmed in the Allen Circuit Court. This appeal is to review a single issue:

Whether the failure of the City to introduce in evidence the ordinance upon which its action was based constitutes a void in the sufficiency of the evidence?

We conclude that it does.

Oriental Health Spa timely filed for renewal of its license to operate a massage parlor in the City of Fort Wayne. The renewal request was denied by the City Controller. Thereafter a hearing was scheduled. At the licensing hearing, with the City Controller acting as administrative hearing officer, the City of Fort Wayne (City) opposed the renewal of Oriental's license, alleging that Oriental had violated several provisions of the Fort Wayne municipal ordinance controlling massage parlor licensing. In presenting its case against Oriental, the City neglected to introduce into evidence the ordinance alleged to have been violated. Additionally, the City Controller failed to indicate that she would take administrative notice of the relevant ordinance, although various of its provisions are referred to in her findings.

Oriental petitioned for judicial review alleging, among other things, that the City failed to sustain its burden of proof by neglecting to introduce the relevant ordinance into evidence at the administrative level. The ordinance was not reproduced in full in either the Record of Proceedings or Findings. The City's attempt to attach the ordinance to its Memorandum of Law filed in response to Oriental's Amended

Petition for Judicial Review was greeted with a Motion to Strike by Oriental. The Motion to Strike was granted by the trial court.

Nonetheless the trial court upheld the decision of the Fort Wayne City Controller upon the following reasoning:

### CONCLUSIONS OF LAW

1. That in any petition for judicial review of an administrative decision, the burden of proof is on the party seeking to overturn the administrative decision.

2. That a reviewing court may not reweigh the evidence and may not substitute its judgment for that of the administrative decision maker.

3. That in this case, the ordinance being challenged is not before the court.

4. That this Court cannot determine that said ordinance has been violated unless said ordinance is before this Court to review.

5. That without said ordinance, this Court must be bound by the Findings of Fact and Conclusions of Law of the administrative decision maker.

6. That the Petitioner has not met its burden of proof of showing that the Controller's decision denying license renewal should be overturned.

7. That the decision of the City Controller denying license renewal to the Oriental Health Spa is upheld.

Oriental appeals to this court, contending that the trial court erred as a matter of law in holding that Oriental was required to file the Fort Wayne City Ordinance in its Petition for Judicial Review. We take the liberty of re-characterizing the issue as one of insufficient evidence.

An appeal from an administrative decision to a trial court is not without substantial constraints. For example, the trial court is limited to determinations of: whether the agency possessed jurisdiction over the matter; whether the order was made in compliance with the proper legal procedures; whether it was based on substantial evidence; and whether it violated any constitutional, statutory, or legal principles. *Midwest Steel Erection Company, Inc. v. Commissioner of Labor* (1985), Ind. App., 482 N.E.2d 1369, 1370, *trans. denied.* Where an agency's action lacks a reasonably sound basis of evidentiary support, the reviewing court may reverse said action. *Johnson County Plan Commission v. Ramshead Corporation* (1984), Ind. App., 463 N.E.2d 295, 300.[1]

Because of the above enumerated constraints on review, it is incumbent upon an administrative hearing officer to enter specific findings of fact, supported by the record, in order to facilitate accurate and expeditious judicial review of administrative proceedings.

In this case, the findings of the City Controller lack a reasonably sound basis of evidentiary support, in that the City Controller obviously considered evidence outside of the record, i.e., the Fort Wayne city ordinance. Without the ordinance, judicial review of the administrative decision was impossible. Courts cannot take judicial notice of municipal ordinances. *Viccaro v. City of Fort Wayne* (1983), Ind. App., 449 N.E.2d 1161, 1162, and cases cited. The City of Fort Wayne bore the burden of proof with regard to ordinance violations claimed to have been committed by Oriental, which would necessarily include proof of ordinances and violations thereof to deny license renewal.[2] Because

---

1. While the Administrative Adjudicative Act does not apply, as it covers only state-wide agencies, decisions involving the AAA's provisions for judicial review are not inapposite to a consideration of the general principles of administrative law, which govern this case. *Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126, 1129, *trans. denied.*

2. The proponent of a rule or order, or the party asserting the affirmative of an issue, has the burden of proof. 3 Davis, Administrative Law § 16:9 (2d ed. 1980); 2 Am.Jur.2d *Administrative Law* § 391, 1962; 73A CJS *Public Administrative Law* § 128, 1981. In the context of a license renewal proceeding, where a city is the complainant against the reissuance of a license and asserts affirmatively that a license should not be renewed because of ordinance violations by a licensee, the city shoulders the burden of proving the affirmative of that issue. *See Alas-*

the City failed to introduce the relevant ordinance, we hold that the decision of the City Controller is not supported by sufficient evidence.

The City of Fort Wayne contends that the City Controller was capable of taking administrative notice of the city ordinances within her jurisdiction. In support of this argument, the City draws an analogy between the relationship of the state courts to state statutes, and the relationship of the City Controller to city ordinances, reasoning that, because Indiana courts may take judicial notice of Indiana statutes, it naturally follows that a city agency may take administrative notice of its own city ordinances. We find this argument to be without merit.

■ The state of the law in Indiana concerning the taking of judicial notice is that administrative hearing officers may take notice of any matter which a trial judge may judicially note. As previously stated, Indiana courts cannot take judicial notice of municipal ordinances. Thus, they are subject to proof. *Maish v. Town of Schererville* (1985), Ind.App., 486 N.E.2d 1, 1, and cases cited. We hold this to be true in the administrative arena as well as in actions originating at the trial level.

■ Regardless of the foregoing discussion, it is clear that the City Controller did not take administrative notice of the Fort Wayne massage parlor ordinance, as the record is devoid of a request by the City that administrative notice of the relevant ordinance be taken, or an announcement by the City Controller that such would be granted. The City contends that the City Controller's references to the ordinance in her findings of fact indicate that she took administrative notice of the ordinance, and that, because administrative agencies are not bound by the formal rules of evidence mandated in a trial setting, she was not required to give notice to Oriental that the ordinance was being noted. While it is true that the rules of evidence are relaxed in an administrative hearing, it does not follow that no rules of evidence

apply. "The order of an administrative tribunal must be based on evidence produced at the hearing where there is an opportunity for all interested parties to offer evidence, cross-examine witnesses, and argue their positions." *City of Anderson v. State Ex Rel Page* (1979), Ind.App., 397 N.E.2d 615, 620, and cases cited. Thus, as in the trial setting, administrative notice may not be taken without disclosure at hearing and provision for an opportunity to object.

■ The judgment of the trial court transfers the initial burden of proof on judicial review. So, in this case where a void exists in the burden of proof, the ordinance, judicial review is denied unless the void is filled by the party below who is complaining that the burden was not carried. The trial judge in this case erroneously applies the maxim which requires that suits predicated upon ordinances of incorporated towns must have so much of the ordinance as relates to the suit made a part of the complaint, or face dismissal of the complaint under a T.R. 12(B)(6) failure to state a claim upon which relief could be granted. *Elmore v. Sullivan* (1978), 177 Ind.App. 495, 380 N.E.2d 108, 110, *reh. denied.* This rule applies where a suit originates in a trial court or where a complaining party is seeking to invoke the provisions of an ordinance, as in zoning cases petitioned by remonstrators. It is not the case that, where a petition for judicial review is based partly upon an insufficiency question, the party petitioning must defeat its own appeal by providing the missing evidence. The City and the trial court correctly point out that, when a court is reviewing an administrative decision, the burden of proof is on the party seeking to overturn the administrative decision. *Kinzel v. Rettinger* (1972), 151 Ind.App. 119, 277 N.E.2d 913, 915. However, that burden is to disclose and argue those errors which would require reversal. It is not a burden of rectifying errors committed by the opposing party, as the decision of the trial court in this case would suggest.

*ka Alcoholic Beverages Control Board v. Mal-* *colm, Inc.* (1964), Alaska, 391 P.2d 441.

The record and findings of administrative hearings are all that reviewing courts may rely on in appeals from administrative proceedings. Those records and findings must be complete and capable of providing the reviewing judge with all of the information needed for competent review of an agency's action. In this case, a complete reproduction of the relevant municipal ordinance is necessary for the reviewing court to engage in an appropriate review of the City Controller's decision. Since the City of Fort Wayne did not carry the burden of proving the ordinance, we conclude that the decision of the City Controller is not supported by sufficient evidence. 73A CJS *Public Administrative Law* § 127, 1981; *Nance v. City of Raytown* (1986), Mo.App., 710 S.W.2d 918, *reh. denied; Tonkin v. Jackson County Merit System Commission* (1980), Mo.App., 599 S.W.2d 25; *Melton v. Area Plan Commission of Evansville and Vanderburg County* (1974), 160 Ind.App. 476, 312 N.E.2d 501; and *Queen of Diamonds, Inc. v. Quinn* (1978), Mo.App., 569 S.W.2d 317.

"Upon review, the reviewing court is limited to either affirming or setting aside the determination of an administrative agency, in which latter event it may remand the cause for further proceedings." *Bolerjack*, 461 N.E.2d at 1131. We conclude that the trial court erred when it affirmed the Controller's decision. The judgment of the trial court is reversed, and the cause remanded with instructions to set aside the decision of the Controller.

Reversed and remanded.

SULLIVAN, J., concurs.

HOFFMAN, J., dissents with separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. The basic question presented in this appeal is: Upon whom does the burden lie to place the city ordinance in the record?

The majority places that burden upon the City. I believe it rests with the appellant. In this case the appellant requested a renewal of a license to operate a massage business. This request was based upon a city ordinance and was required by a city ordinance. The renewal was denied and at the request of the appellant a hearing was conducted.

The foundation of the hearing was a request for a license renewal by appellant which was based upon a city ordinance. The burden rested upon the appellant to have the ordinance placed in the record. This action was not a hearing to revoke a license which would place the burden upon the City.

Before the trial court, the City, in order to assist the appellant, offered the ordinance in evidence. However the appellant objected and the trial court sustained the objection. Any failure in proof was committed by the appellant, not the City.

Furthermore, I believe that the administrative hearing officer could take judicial notice of the ordinance. That the hearing officer took notice of the evidence is evidenced by her reference to the ordinance in her findings of facts. It is no more necessary for the hearing officer to publicly announce that judicial notice is being taken of the ordinance than a trial judge to announce that he is taking notice of a statute of the State of Indiana when making a ruling or entering a judgment.

The trial court should be affirmed.