**Leah S. TOURKOW, Appellant (Petitioner Below),**

v.

**CITY OF FORT WAYNE, Fort Wayne Historic Preservation Review Board, Michael Hawfield, Esther Klinkenberg, Janet Bell, Alan R. Grinsfelder, Stephen P. Irmscher, Jody Hemphill Smith, and Karen Anderson, as Members of said Board, Appellees (Respondents Below).**

No. 02A03–9007–CV–264.

Court of Appeals of Indiana, Third District.

Dec. 3, 1990.

---

Steven P. Rothberg, Rothberg & Chambers, Fort Wayne, for appellant.

J. Timothy McCaulay, Helmke, Beams, Boyer & Wagner, Fort Wayne, for appellees.

HOFFMAN, Presiding Judge.

Petitioner-appellant Leah S. Tourkow appeals a judgment of the Allen Circuit Court affirming the Fort Wayne Historic Preservation Review Board's denial of her application for a certificate of appropriateness. Tourkow raises three issues for review:

(1) whether the Review Board's decision to deny Tourkow's application for a certificate of appropriateness substantially prejudiced her;

(2) whether the absence of written findings of fact in the Review Board's notice of denial warrants reversal; and

(3) whether the Review Board's failure to introduce the Fort Wayne Historic Preservation Ordinance into evidence warrants reversal.

The facts relevant to the appeal disclose that Tourkow owned a house in the west

central historic district of Fort Wayne, Indiana. At Tourkow's request, the Allen County Building Department issued a building permit on November 9, 1987 for the replacement of the insulbrick siding on the house with vinyl siding. On January 8, 1988, the Fort Wayne Historic Preservation Review Board issued a stop work order in regard to the work being done on the house. On January 11, 1988, Tourkow applied for a certificate of appropriateness in compliance with Chapter 34 of the Fort Wayne Municipal Code. After meetings on January 21, 1988, and August 18, 1988, both of which Tourkow and her attorney attended, the Review Board denied the application. Tourkow filed a petition for judicial review of the Review Board's decision and a complaint for mandatory injunction on October 7, 1988. The Allen Circuit Court denied the petition on March 5, 1990.

■ Tourkow first claims the Review Board's decision to deny her application for a certificate of appropriateness substantially prejudiced her. According to IND. CODE § 36–7–11–4(h) (1988 Ed.): "A decision of [an historic district board of review] is subject to judicial review under Ind.Code § 4–21.5–5 as if it was a decision of a state agency." IND.CODE § 4–21.5–5–15 (1988 Ed.) provides that a court may set aside an agency action "if [it] finds that a person has been prejudiced under section 14 of this chapter." Under IND.CODE § 4–21.5–5–14(d), an agency action is prejudicial if it is any one of the following:

"(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(4) without observance of procedure required by law; or

(5) unsupported by substantial evidence."

The burden of proving the invalidity of the agency action is on the party asserting same. IND.CODE § 4–21.5–5–14(a).

Although Tourkow's brief does not identify which of the five grounds applies to her case, her petition for judicial review discusses the first and second grounds; therefore, this Court will address those grounds. Tourkow argues that the Review Board's action was arbitrary and capricious because public opinion influenced it. However, as the Review Board explained at both the January 21 and August 18 meetings, it had a long-standing practice of denying applications to install artificial siding due to the siding's lack of authenticity and the damage it causes to the underlying material. Because the Review Board treated Tourkow the same as it had treated other applicants with similar requests, its action was not arbitrary and capricious.

■ With respect to the constitutionality of the Review Board's action, Tourkow contends that the standards in the ordinance the court relied upon were "vague and unascertainable." The section of the Fort Wayne ordinance dealing with approval and denial of applications for certificates of appropriateness tracks the language of IND. CODE § 36–7–11–10, 11, and 12. According to both the ordinance and the statute, before "a conspicuous change in the exterior appearance" of an historical building takes place, the board must issue a certificate of appropriateness. The addition of vinyl siding to the exterior of a house is clearly a "conspicuous change" in appearance. As Tourkow failed to show that the Review Board's action was either contrary to constitutional right or arbitrary and capricious, she did not meet her burden of proof on the issue.

■ Tourkow next claims the absence of written findings of fact in the Review Board's notice of denial warrants reversal. IND.CODE § 36–7–11–12(c) provides in pertinent part: "The board must state its reasons for the denial [of an application for a certificate of appropriateness] in writing and must advise the applicant." As Tourkow notes, the Review Board's notice of denial to her did not contain any reasons or findings; however, the minutes of the August 18, 1988 meeting did contain the findings of fact upon which the Review Board

based its decision. It is well settled that the purpose of the rule that administrative agencies make written findings is to facilitate judicial review. *Hawley et al. v. So. Bend Redevlp. et al.* (1978), 270 Ind. 109, 113, 383 N.E.2d 333, 336. The Review Board made written findings. As this Court had an ample record from which to review the decision, any error on the part of the Review Board in failing to include its findings in the notice to Tourkow was harmless. *Id.*

■ Finally, Tourkow contends the Review Board's failure to introduce the Fort Wayne Historic Preservation Ordinance into evidence warrants reversal. In support of her position, Tourkow relies on *Oriental Health Spa v. Fort Wayne* (1988), Ind.App., 526 N.E.2d 1019 (Hoffman, J., dissenting with separate opinion), a case in which this Court reversed a city controller's decision to deny a request for renewal of a business license due to the city's failure to introduce the relevant ordinance into evidence. The instant case is distinguishable from *Oriental,* however, because the record filed in the trial court as well as this Court contained a copy of the ordinance the Review Board relied upon in making its decision. As the trial court noted in its order affirming the Review Board's decision: "The Court considers the record as filed and finds that the Board had before it the ordinance in question and same was considered ... in the presence of the legal representative of petitioner." The record provided this Court with all the information necessary to review the decision of the Review Board; therefore the judgment of the trial court is affirmed.

Affirmed.

STATON and BUCHANAN, JJ., concur.