James NEWMAN, Alfred Putnam, Robert Martino, Ray Tittle, Jr., and Donna Wilkes, as the Board of Zoning Appeals for Dune Acres, Indiana; Delano Wilkes, Donald Koehler, and Sharon Snyder, as the Board of Trustees of the Town of Dune Acres, Indiana; and Mary Ann Putnam, Appellants (Defendants Below),

v.

William A. SPENCE and Dee Gaynor Spence, Appellees (Plaintiffs Below).

No. 64A04–8909–CV–412.

Court of Appeals of Indiana, Fourth District.

Jan. 17, 1991.

Patrick E. Donoghue, Sweeney, Dabagia, Donoghue & Thorne, Michigan City, John D. Purdy, Jr., Gerald P. Callaghan, James N. Azim, III, Siemon, Larsen & Purdy, Chicago, Ill., for appellants.

Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellees.

CONOVER, Judge.

Defendants–Appellants James Newman and others named in the caption as zoning appeals board members, Delano Wilkes and others likewise named as town board members, and Mary Ann Putnam (collectively, the Board), appeal the Porter Superior Court's judgment determining certain provisions of the Town of Dune Acres Zoning Ordinance were unconstitutional as they applied to the Spences' property.

We affirm.

The issues presented by this appeal are whether the trial court erred by

   1.  applying incorrect standards of review in the appeal taken from the Board of Zoning Appeals' (BZA) decision,

   2.  conducting a prohibited trial de novo,

   3.  entering irrelevant and incorrect conclusions of law which thus were void,

   4.  failing to dismiss the petition for writ of certiorari on *res judicata* grounds, and

   5.  making findings on constitutional grounds in this proceeding.

William Spence and his wife purchased a house and lot in Dune Acres which was bounded on two sides by Dune Acres town park land and on the North by Lake Michigan beach. The Spences' home was built in 1926 on Lot 200. They also own Lot 201 which adjoins Lot 200 on the South end of its Eastern border South of the town park land. Plaintiff's Exhibit 7 is reproduced below for clarity. The Spences in 1987 filed a petition for variance to permit the building of an addition to their house which would be closer to their lot line than permitted in the zoning ordinance. This petition was heard, denied, and was never appealed.

The Spences then filed another petition asking for substantially the same relief but containing "several new matters which were not presented in 1987." (R. 38). After hearing, the Board denied the Spences' second petition. The Spences then filed a petition for writ of certiorari with the Porter Superior Court seeking review of the Board's decision.

The trial court reviewed the record, received additional evidence and exhibits, then entered judgment determining the sideyard setback requirements of the zoning ordinance "are unconstitutional and void as to [Spences'] Lot 200 only."

The Board appeals. Further facts, as necessary, are included in the later portions of this opinion.

■ The granting of a variance by a board of zoning appeals is discretionary even though the petitioner may have satisfied the statutory criteria. *Boffo v. Boone Cty. Bd. of Zoning Appeals* (1981) Ind. App., 421 N.E.2d 1119, 1123. Thus, the trial court reviews the board's action as to whether or not under the board's findings of fact, it has abused its discretion by refusing to grant the variance request. *City of East Chicago, Ind. v. Sinclair Refining Co.,* (1953), 232 Ind. 295, 111 N.E.2d 459, 463. In order to upset the board's determination when it has *denied* a variance, the reviewing court, after resolving all doubts respecting the evidence in favor of the board's decision, must find that each of the statutory prerequisites has been established as a matter of law, that is, "the evidence *supporting* each prerequisite must be such that no reasonable man could fail to accept that prerequisite as proved." *Metropolitan Bd. of Zoning Appeals v. Standard Life Ins. Co.,* (1969) 145 Ind.App. 363, 251 N.E.2d 60, 61, *trans. den'd.* Those statutory prerequisites are:

(1) the approval will not be injurious to the public health, safety, morals, and general welfare of the community;

(2) the use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner;

(3) the need for the variance arises from some condition peculiar to the property involved;

(4) the strict application of the terms of the zoning ordinance will constitute an unnecessary hardship if applied to the property for which the variance is sought; and

(5) the approval does not interfere substantially with the comprehensive plan adopted under the 500 series [comprehensive plan provisions] of this chapter.

IC 36–7–4–918.4. A court may not substitute its decision for that of a board of zoning appeals. *Habig v. Harker* (1983), Ind.App., 447 N.E.2d 1114, 1116.

■ In reviewing the decision of a board of zoning appeals, this court and the trial court are bound by the same standard. *Maxey v. Board of Zoning Appeals* (1985), Ind.App., 480 N.E.2d 589, 592. However, zoning regulations cannot be imposed unless they bear a substantial relation to the public health, safety, morals, or general welfare. *Board of Zoning Appeals of the Town of Meridian Hills v. Schulte* (1961), 241 Ind. 339, 172 N.E.2d 39, 43; *Board of Zoning Appeals of Decatur v. Decatur Indiana Company of Jehovah's Witnesses* (1954), 233 Ind. 83, 117 N.E.2d 115, 118. If it should appear that the evidence upon which the board of zoning appeals acted was devoid of probative value, that the quantum of legitimate evidence was so proportionately meager as to lead to a conviction the board's finding does not rest on a rational basis, or that the result of the hearing must have been substantially influenced by improper considerations, the board's order will be set aside. *Warren v. Indiana Telephone Co.* (1940) 217 Ind. 93, 26 N.E.2d 399, 409; *Fryer v. City of New Albany* (1963), 135 Ind.App. 454, 194 N.E.2d 417, 420; *Bd. of Zoning Appeals of City of Mishawaka v. School City of Mishawaka* (1957) 127 Ind.App. 683, 145 N.E.2d 302, 305.

Unconstitutionality is illegality of the highest order. *Jehovah's Witnesses,* 117 N.E.2d at 117.

■ When reviewing the judgment of the trial court, we will not weigh the evidence but will look only to that evidence, and the reasonable inferences arising therefrom, which support the judgment. The trial court's judgment will be set aside only in instances where the evidence is without conflict and can lead to but one result, and the trial court in its judgment has reached an opposite conclusion. When the trial court has made special findings, as it was required to do here, we must affirm the judgment unless we are satisfied that those findings are clearly erroneous. *Metropolitan Bd. of Zoning Appeals v. Sheehan Constr. Co.* (1974), 160 Ind.App. 520, 313 N.E.2d 78, 82.

The evidence before both the BZA and the trial court demonstrates the Spences' house was built on Lot 200, an 80 foot lot, and was 80 feet wide. As the board's minutes reveal, the house was

> built in 1926 and runs virtually from lot line to lot line (thus an 80 foot house on an 80 foot lot, legal bacause [sic] 'grand-fathered') and that no addition is possible without invading the now required side yard setback. His lot was held to be unique since it is bounded on both sides by Dune Acres Town park land.

(R. 55). When the Spences' house was built, there were no setback lines. Setback requirements were not enacted in Dune Acres until 1959. (R. 168).

The Spences' kitchen is on the Southeast side of their house. The East wall of the present kitchen is 1.4 feet from their lot line. They propose to extend their present kitchen 8.5 feet to the South. The East wall of the extension would be on the exact line of their current East kitchen wall if extended Southward. All proposed construction would occur on Lot 200 without incursion on Town park land. Adding the addition to the present kitchen is the only feasible way to enlarge the Spences' kitchen and still keep the house in its present style. The Spences' closest neighbor, Dr. Martino, whose house is 300 feet away is also a BZA member. He has no objection to the proposed kitchen addition, wrote a letter in support of it, and voted to permit the variance. In the recent past, the BZA approved a variance for the Lathrops, similarly situated near Town park land, to permit the building of a solarium within the Town's backyard setback line. The town park land in question is wooded, covered with underbrush growing from the sand, and vacant.

> The board's minutes conclude as follows: James Newman summarized his views: 1. No hardship had been demonstrated; the situation was not unique since many older houses had similar non-conforming uses and could ask for variances to expand; the Lathrop case was not a precedent because of the difference in percentage of setback being requested; the in-

trusion to within one foot of park land was in fact detrimental to the public welfare. The majority of the Board concurred with these views and the variance was denied by a vote of 3 to 2. (R. 60). The trial court after taking additional testimony and other evidence entered findings of fact. The trial court found, in essence, the same evidentiary facts, but reached a different conclusion. Based on its findings, the trial court determined the evidence was so meager, the BZA's decision did not rest on a rational basis, and its decision was arbitrary and unreasonable.

The board first argues the trial court did not apply the proper standard of review when considering the BZA's decision. We disagree.

Paragraph 18 of the trial court's conclusions states

> 18. The evidence is so meager that the finding of the BZA does not rest on a rational basis, is arbitrary and unreasonable, and is hereby reversed.

This is a proper standard of review. *Warren, Fryer,* and *Jehovah's Witnesses, supra.* This issue presents no error.

The Board next posits the trial court's judgment is based on irrelevant and inaccurate conclusions of law and is therefore void. Even if so, that issue is of no moment. We will sustain a trial court's ruling on appeal if it was correct for any reason, and even though the trial court may have given an erroneous or insufficient reason for making it. *Hurst v. Board of Com'rs of Pulaski County* (1985), Ind., 476 N.E.2d 832, 834; *Elmore v. City of Sullivan* (1978), 177 Ind.App. 495, 380 N.E.2d 108, 110.

Next, the Board claims the trial court conducted a trial de novo in violation of IC 36-7-4-1009 because it admitted "numerous photographs, sketches and maps of the property into evidence because, in [the trial judge's] words, 'A picture's worth a thousand words.' " (Appellants' Brief, at 21). Again, we disagree with the Board.

IC 36-7-4-1009 reads, in part

> ... If the court determines that testimony is necessary for the proper disposition

of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but the review may not be a trial de novo. . . .

When reviewing the action of a zoning board, the trial court may permit additional evidence so long as it confines such evidence to subjects covered in the hearing before the zoning board. However, it may not go beyond the subjects of the evidence submitted to the zoning board and proceed as though no hearing had been had before the board. If it does, it then conducts a trial de novo. *Metropolitan Bd. of Zoning Appeals, etc v. Gateway Corp.* (1971), 256 Ind. 326, 268 N.E.2d 736, 743. Thus, there is no trial de novo where the reviewing trial court admits additional evidence on the same subjects covered by the BZA.

■ The Board's brief does not point us to additional evidence in the record not related to the various subjects covered by the Board at its hearing. For that reason, the issue is waived. Ind. Rules of App. Proc., Rule 8.3(A)(7), requires "citations to the authorities, statutes, and *parts of the record relied upon*, and a clear showing the issues and contentions in support thereof *relate to the particular facts of the case under review.*" (Emphasis supplied).

■ Albeit waived, we will address the subject. The photographs, sketches and maps of the property of which the Board chiefly complains concerned the subject property, its relationship to the Town park land, the surrounding properties, Lake Michigan, and the house and proposed addition's relationship to the setback line from which variance was sought. These were subjects covered by the Board at its hearing. These exhibits were obviously helpful to the trial court's complete understanding of the matter to be reviewed. There was no trial de novo held below which was prohibited by the applicable statute.

■ The Board next suggests the trial court erred by failing to dismiss the Spences' petition because the matter was *res judicata.* It contends the Spences had presented a petition for variance to the Board in 1987 asking for identical relief,

the Board heard the matter, and ruled against the Spences. No appeal was taken from that ruling. Thus, the Board posits the appeal from the Board's decision on the 1988 petition should have been disposed of on *res judicata* grounds. We disagree.

■ The Board claims it reserved the *res judicata* question before conducting the second hearing, cf. Newman affidavit. (R. 30–31). However, the Board's transcript of the 1988 proceedings before it contains no such reservation or even mention of the prior 1987 petition. The record of the proceedings of a municipal body on which the members are required to vote is the only competent evidence of any act or proceedings of the body. *Byer v. Town of New Castle* (1890) 124 Ind. 86, 24 N.E. 578, 579. Further, boards of zoning appeals perform a quasi-judicial function. The record and findings of administrative hearings are all that reviewing courts may rely on in appeals from administrative proceedings. *Oriental Health Spa v. City of Ft. Wayne* (1988) Ind.App., 526 N.E.2d 1019, 1023. Without a showing of reservation of the *res judicata* question by the board before the 1988 hearing in the record presented to the trial court for review, there was nothing before the trial court upon which it could act. We find no error here.

■ Finally, the Board urges the trial court could not rule on the constitutionality of the Dune Acres zoning ordinance on certiorari. Again, we disagree.

By statute, a writ of certiorari is the device designated for seeking trial court review of the legality of a BZA's decision. *City of South Bend v. Marckle* (1939), 215 Ind. 74, 18 N.E.2d 764, 767. *See also*, IC 36–7–4–1003; IC 36–7–4–1009. Certiorari review of constitutional claims in zoning cases is appropriate where the constitutionality of a law is applied to the facts of a particular case. *Gateway Corp.*, 268 N.E.2d at 739; *Sinclair Refining Co.*, 111 N.E.2d at 467. The Spences' properly raised state and federal constitutional issues in their petition for writ of certiorari

which were properly ruled on by the trial court. In its conclusions, it said

19. Side yard setback lines as they apply to Lot 200 in Dune Acres Subdivision ... are unconstitutional and void because they bear no relationship to public health, safety, morals, or general welfare.

(R. 302). In the judgment, it said

1. That the sideyard setback requirements of the Dune Acres Zoning Ordinance as they apply to Lot 200 ... are unconstitutional and void as to Lot 200 only.

(R. 303). Our review of this record brings us to the same conclusion as that reached by the trial court. We find no error.

Affirmed.

MILLER, P.J., concurs.

BAKER, J., concurs with separate opinion.

PLAINTIFFS' EXHIBIT 7

BAKER, Judge, concurring.

Although I concur in the result reached by the majority, I do not think it is necessary or permissible for the trial court or this court to address the constitutionality of the ordinance's application. The trial court determined that the denial of the variance was erroneous in light of IND. CODE 36–7–4–918.4. Because the trial court found the requirements for a variance had clearly been met by the Spences, there was no need to address the constitutionality of the statute. Courts should not consider the constitutionality of a statute if the issue before the court can be resolved in some other manner. *Indiana Bureau of Motor Vehicles v. Zimmerman* (1985), Ind., 476 N.E.2d 114; *Shotwell v. Cliff Hagan's Ribeye Franchise* (1990), Ind. App., 553 N.E.2d 204. The trial court resolved the issue using statutory authority, and should not have addressed the constitutionality of the statute. I concur in the result reached by the majority.