Stephen M. MAISH,
Defendant-Appellant,

v.

TOWN OF SCHERERVILLE,
Plaintiff-Appellee.

No. 3–785A195.

Court of Appeals of Indiana,
Third District.

Dec. 19, 1985.

Maish & Mysliwy, Merrillville, for defendant-appellant.

David M. Austgen, John M. O'Drobinak, P.C., Crown Point, for plaintiff-appellee.

GARRARD, Judge.

Maish was charged and in a court trial convicted of violating a speeding ordinance of the Town of Schererville. The town failed to introduce the ordinance into evidence at the trial. Maish moved for judgment on the evidence for this failure of proof, but his motion was denied. He appeals.

In Indiana the courts may not take judicial notice of municipal ordinances. They are subject to proof. *Matter of Public Law No. 305 and Public Law No. 309* (1975), 263 Ind. 506, 334 N.E.2d 659; *Woods v. Brown Co. Plan Comm.* (1983), Ind.App., 446 N.E.2d 973; *Enyart v. Blacketor* (1976), 168 Ind.App. 214, 342 N.E.2d 654.

The town seeks to avoid the impact of a long line of authority to this effect by urging that those decisions have no application where a municipal corporation is seeking to enforce one of its ordinances. We disagree.

The town relies upon IC 34–4–32–1(b). That section of the statute provides:

"A proceeding to enforce an ordinance shall be brought in the name of the municipal corporation. The municipal corporation need not prove that it or the ordinance is valid unless validity is controverted by affidavit."

The reliance is misplaced. The statute relieves the municipality from the necessity of proving that the municipal corporation was validly created or that an ordinance was validly enacted in the absence of a verified contention controverting such validity. The municipality must nevertheless establish the provisions of the ordinance. This it must do by the introduction of competent evidence or the stipulation of the parties. To hold otherwise would simply establish the constitutional invalidity of this section under *Matter of Public Law No. 305, supra. See Woods v. Brown Co. Plan Comm.* (1983), Ind.App., 446 N.E.2d 973; *cf. Viccaro v. City of Ft. Wayne* (1983), Ind.App., 449 N.E.2d 1161.

There was a failure of proof. The judgment is reversed and the case is remanded

to the trial court with instructions to enter judgment for the defendant.

Reversed and remanded.

STATON, P.J., and HOFFMAN, J., concur.