Richard GONON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–9103–IF–132.

Court of Appeals of Indiana,
Second District.

Oct. 2, 1991.

Richard Gonon, appellant-defendant pro se.

William F. Stasek, Jr., Noblesville, for appellee-plaintiff.

SHIELDS, Judge.

Richard Gonon appeals the determination he violated Ordinance No. 41–05 of the City of Carmel, Indiana.

We reverse.

## ISSUE

Whether a municipal ordinance can be judicially noticed.

## FACTS

On July 14, 1990 Richard Gonon was cited for violating Ordinance No. 41–05 of the City of Carmel, Indiana. At trial, the City failed to offer proof of Ordinance No. 41–05, whereupon Gonon moved for judgment on the evidence at the close of the City's case. The Carmel City Court denied Gonon's motion and, when Gonon rested without introducing any evidence, found Gonon had violated the Ordinance as charged.

## DISCUSSION

Gonon claims ordinances must be proved at trial because they cannot be judicially noticed under Indiana law. Therefore, according to Gonon, the adverse judgment must be reversed because the City failed to meet its burden of proof. Carmel argues the trial court properly judicially noticed the ordinance in question as it is within the Carmel City Court's jurisdiction and courts should know the laws and ordinances of their jurisdiction. Furthermore, Carmel asserts the rationale for not allowing judicial notice of ordinances—the lack of codification of ordinances and concomitant difficulty for trial courts to determine the provisions of uncodified ordinances—does not apply to Ordinance 41–05 which, pursuant to IC 36–1–5–3 (1988), is contained in a compilation of Carmel ordinances.

■ It is well-settled law in Indiana that ordinances cannot be the subject of judicial notice. *See, e.g., Green v. City of Indianapolis* (1864), 22 Ind. 192, 193; *Oriental Health Spa v. City of Fort Wayne* (1988), Ind.App., 526 N.E.2d 1019, 1021. This court's decision in *Maish v. Town of Schererville* (1985), Ind.App., 486 N.E.2d 1, directly exemplifies this position. Maish was adjudged to have violated a municipal speeding ordinance. As did Gonon, Maish moved for judgment on the evidence when the municipality failed to introduce the ordinance into evidence at trial. This court, reversing the judgment against Maish, reiterated the long-standing Indiana law that "the courts may not take judicial notice of municipal ordinances. They are subject to proof." *Maish*, 486 N.E.2d at 1. Responding to the argument that the rationale for the law is obviated when a municipality is enforcing one of its own ordinances, this court stated:

[IC 34–4–32–1(b) [1] ] relieves the municipality from the necessity of proving that the municipal corporation was validly created or that an ordinance was validly enacted in the absence of a verified contention controverting such validity. The municipality must nevertheless establish the provisions of the ordinance. This it must do by the introduction of competent evidence or the stipulation of the parties.

*Maish,* 486 N.E.2d at 1.

■ Although Carmel's alleged compilation of its ordinances might facilitate the Carmel City Court in ascertaining the provisions of Carmel's ordinances, neither the compilation itself nor the court's awareness of its contents, undermine the rationale for denying judicial notice of municipal ordinances. *See Green,* 22 Ind. at 194 ("If there was no appeal from the judgment of the [trial court] ... it might well be that [ordinances] ... should not be se[t] out, but should be judicially noticed by the [trial court]; but as appeals are allowed to the State courts ... [ordinances] must be ... proved on (sic) trials to bring them before appellate courts"). The continued validity of the rationale is evidenced by the fact that even though the Carmel City Court advised it would judicially notice Ordinance 41–05, the record is devoid of the subject and contents of the Ordinance.

The trial court erred by taking judicial notice of Ordinance No. 41–05; therefore, the evidence is insufficient to support the adverse judgment against Gonon. *See Maish,* 486 N.E.2d at 1.

Judgment reversed.

SULLIVAN and RUCKER, JJ., concur.

---

**1.** IC 34–4–32–1(b) (1991 Supp.) reads, "An action to enforce an ordinance shall be brought in the name of the municipal corporation. The municipal corporation need not prove that it or the ordinance is valid unless validity is controverted by affidavit." Other statutes provide that a printed code "constitutes presumptive evidence ... of the provisions of the code," IC 36–1–5–5 (1988), and that "Publication under [IC

36–4–6–14 of a city's ordinances in book or pamphlet form] ... constitutes presumptive evidence ... of the ordinances in the book or pamphlet...." IC 36–4–6–14 (1991 Supp.). As this court stated in *Maish v. Town of Schererville* (1985), Ind.App., 486 N.E.2d 1, these statutes do not relieve the municipality from the duty of establishing the existence of the book or pamphlet by offering it into evidence.