**BOARD OF ZONING APPEALS OF EV-
ANSVILLE AND VANDERBURGH
COUNTY, Appellants–Respondents,**

v.

**Gregory G. KEMPF, Appellee–Petitioner.**

No. 82A01–9506–CV–190.

Court of Appeals of Indiana.

Nov. 2, 1995.

Rehearing Denied Feb. 8, 1996.

D. Timothy Born, Lacey, Terrell, Annakin
Heldt & Baugh, Evansville, for Appellants.

Leslie C. Shively, Shively & Associates,
Evansville, for Appellee.

## OPINION

ROBERTSON, Judge.

The Board of Zoning Appeals of Evansville and Vanderburgh County [Board] appeals the trial court's judgment reversing the Board's decision to decline the variance requested by Gregory G. Kempf. The Board raises several related issues, which we consolidate. We reverse and remand with instructions that the trial court reinstate the Board's decision.

## FACTS

The facts in the light most favorable to the Board's decision reveal that in 1992, Kempf undertook to develop some commercial property. In conjunction with this development, he recorded a minor subdivision plat related to the property which is the subject of the present dispute. On the plat, adjacent to the right of way along the street, a ten-foot-wide green space was designated. The Plan Commission approved Kempf's plat under the following condition:

Minimum 10′ green space must be maintained on owner's property adjacent to front property line. Green space and frontage road must be installed within 30 days of issuance of permit.

Kempf expressly agreed to the conditions without reservation. The City Engineer walked the property line with the property owner before construction and pointed out where the green space should be located. The City Engineer had discussions with Kempf and believed that Kempf understood the Zoning Code requirements.

Nevertheless, during the construction, the green space was paved over and eliminated. The local zoning authorities issued a letter to Kempf informing him that the green space requirement found both in the Zoning Code and Kempf's Improvement Location Permit had been violated.

Kempf filed the present variance application with the Board seeking elimination of the green space requirement. At the hearing, Kempf admitted that the required green space had been paved over in violation of the code and his permit. Kempf simply argued that conditions dictated by the marketplace and the contour of the land in particular made the elimination of the green space nec-

essary. Kempf pointed out that the other commercial properties on the street did not have ten feet of green space. Kempf argued that the green space requirement would result in an economic and competitive disadvantage to Kempf in the utilization of his property. The City Engineer testified at the hearing as follows:

The applicant seems to be saying he will show anything on a plan to get approvals and then construct it how he sees fit and then get a variance to cover it.

The Board denied Kempf's application for a variance finding that Kempf had failed to satisfy the following requirement to obtain a variance:

The need for a variance is not created by the applicant.

Kempf sought judicial review in the trial court which reversed the decision of the Board finding, in pertinent part, that:

f. The sixth and final element required a showing by [Kempf] that [he] had not created the need for the existing variance. Regarding this point, Kempf presented evidence of the existing conditions created by the topography of the land as noted by the engineer, Bill Nicholson, and general development of commercial properties in the area as depicted by the [photographs of the other commercial properties on the street].

\*    \*    \*    \*    \*    \*

2. Kempf presented substantial and sufficient evidence before the [Board] to meet all six (6) elements of the requirements for the granting of a variance as set forth in the Zoning Code of the City of Evansville.

3. The court finds that similar commercial properties in the immediate vicinity of the subject property do not have ten (10) feet of green space area and therefore the imposition of this requirement as to the subject property is improper and not related to any legitimate government purpose relating to the protection, welfare and safety of the general public and adjacent property owners in the immediate vicinity of the subject property. Furthermore, the Court finds that any possible legitimate

governmental concern or purpose was addressed by the self-imposed conditions placed upon Kempf's variance [request].

4. The record before the [Board] does not show that the decision of the [Board] was supported by substantial evidence.

5. The findings by the [Board are] not supported by the evidence appearing in the record ...

6. In view of the lack of substantial evidence to support the decision and findings of the [Board] and the other conclusions set forth herein, the Court hereby reverses the decision of the [Board] which denied the variance request of Kempf and orders the [Board] to grant said variance request as presented by [Kempf] ...

This appeal ensued.

## DECISION

■ On judicial review of the decision of a board of zoning appeals to deny an application for a variance, a trial court does not conduct a trial de novo and does not substitute its decision for that of the Board. *Columbus Board of Zoning Appeals v. Wetherald* (1992), Ind.App., 605 N.E.2d 208, 211, *trans. denied.* The Court of Appeals' review of a trial court's ruling on review of such a decision is governed by the same considerations. *Id.* Unless the Board's decision was illegal, it must be upheld. *Id.* An abuse of discretion standard applies and we cannot reweigh evidence or substitute our discretion for that of the Board. *Id.* We are governed by the presumption that an agency's decision is correct in view of its expertise. *Id.* An agency's decision is afforded great weight by virtue of its inherent expertise in its given area. *Id.* at 212. The burden is on the applicant for a variance to show that each requirement for obtaining a variance has been met. *Id.* The evidence supporting each requirement must be such that no reasonable man could fail to accept that prerequisite as proved. *Id.* In order to reverse the Board's decision when it has denied a variance, the reviewing court must find, after resolving all doubts in evidence in favor of the Board's decision, that each statutory prerequisite has been established as a matter of law. *Id.* Thus, a trial court exceeds its authority when it enters findings; the entry of findings is the function of the Board. *Id.*

■ In the present case, the evidence amply supports the Board's decision to deny Kempf's application for a variance. The applicable zoning ordinance required the 10 foot green space. The green space was reserved in the plat approved by the Plan Commission. The Plan Commission approved the plat on the condition that the green space requirement be met. Kempf understood and expressly accepted the green space requirement without reservation. Yet, after obtaining his permit from the zoning authorities to begin construction, Kempf violated the green space requirement by paving over it. Only after having received notice from the zoning authorities that it had noticed his violation did Kempf request relief from the green space requirement.

■ The Board concluded that Kempf was not entitled to the requested variance because he himself had created the need for the variance by paving over the area in question. We hold this requirement advances a legitimate governmental interest in preventing the type of "end run" around the zoning ordinances and procedures employed in the present case. In deference to the Board's expertise in this area, we cannot conclude that the Board's decision to deny Kempf's requested variance was arbitrary, capricious or otherwise contrary to law. Therefore, we must reverse and remand with instructions that the trial court reinstate the Board's decision which denied Kempf's request for a variance.

Judgment reversed.

BAKER and BARTEAU, JJ., concur.