RUSH COUNTY BOARD OF ZONING
APPEALS, Appellant–Respondent,

v.

Richard A. RYSE and Kimberly Diane
Ryse, Appellees–Petitioners.

No. 70A04–9612–CV–535.

Court of Appeals of Indiana.

Oct. 28, 1997.

David R. Butsch, Connersville, for Appellant–Respondent.

Julie A. Newhouse, Newhouse & Newhouse, Rushville, for Appellees–Petitioners.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner the Rush County Board of Zoning Appeals (Board) appeals the trial court's reversal of its determination.

We reverse and remand.

### ISSUES

The Board presents two issues for review, which we restate as:

1. Whether the Board's determination was reasonable and within its discretion.

2. Whether the trial court erred in finding the Ryses' use of their property was a permitted nonconforming use.

### FACTS AND PROCEDURAL HISTORY

On February 6, 1995, Kimberly Diane and Richard A. Ryse (Ryses) applied for a special exception with the Rush County Board of Zoning Appeals to place horses on their approximately five acre tract of land. A hearing was held on the application on March 13, 1995, at which the Board granted the special exception but limited the Ryses to no more than five horses. The Ryses then sought review of the Board's decision by filing a petition for certiorari. A hearing on the petition was held on September 5, 1996. The trial court reversed the restrictions imposed by the Board and granted the special exception. The Board then filed this timely appeal. Additional facts are provided as needed.

### DISCUSSION AND DECISION

When reviewing a decision of the Board of Zoning Appeals the trial court must determine if the board's decision was incor-

rect as a matter of law. *Board of Zoning Appeals v. Elkins,* 659 N.E.2d 681, 683 (Ind. Ct.App.1996), *reh'g denied, trans. denied.* Furthermore, the trial court may not conduct a trial de novo or substitute its decision for that of the board. *Id.* "The Court of Appeals review of a trial court's ruling on review of such a decision is governed by the same considerations. Unless the Board's decision was illegal, it must be upheld." *Board of Zoning Appeals of Evansville and Vanderburgh County v. Kempf,* 656 N.E.2d 1201, 1203 (Ind.Ct.App.1995), *reh'g denied, trans. denied.*

 The Board raises two issues in its appeal: whether the Board's decision to limit the number of horses allowed on the Ryses' property was reasonable and within its discretion, and whether the trial court erred in finding that the Ryses' desired use of the property was a permitted nonconforming use under the Rush County Zoning Ordinance. The Ryses argue that their use of the property is a permitted non conforming use, in that it was "grandfathered" under the zoning ordinance, and that therefore, they should never have been subject to the jurisdiction of the Board in the first place. The Ryses also allege that the Board's failure to make required findings of fact and conclusions of law make its determination illegal.[1] For the reason stated below, we can neither review the issues nor affirm the trial court's grant of the special use exception.

Ind.Code 36–7–4–918.2 states that: "A board of zoning appeals shall approve or deny all: ... (2) special uses; ... from the terms of the zoning ordinance, but only in the classes of cases or in the particular situations specified in the zoning ordinance." During the closing arguments counsel for the Ryses gave the judge a copy of the rule within the Rush County Zoning Ordinance upon which she was relying, and both sides discussed the application of the provision to the case at hand. (R. 66–77). Additionally, both sides quote from the ordinance multiple times within their briefs. However, the Rush County Zoning Ordinance was not included in the record; it was not admitted at trial as an exhibit, nor did the court take judicial notice of the ordinance.

In *Habig v. Harker,* this court found it was unable to properly review issues involving the proper interpretation of a zoning ordinance because the record was barren of the zoning ordinance at issue. Because the ordinance was not properly before the court, and thus not a part of the record, the court was unable to issue a writ for its production. 447 N.E.2d 1114, 1117 (Ind.Ct.App.1983) (quoting *Woods v. Brown County Plan Comm'n,* 446 N.E.2d 973, 977 (Ind.Ct.App.1983)); *Gonon v. State,* 579 N.E.2d 614, 614 (Ind.Ct.App. 1991). We find *Habig* controlling in this case. We are unable to review the interpretation of an ordinance which is not included in the record.

### CONCLUSION

We are unable to review the trial court's decision because of an insufficient record.

We reverse and remand.

DARDEN and STATON, JJ., concur.

---

1. We note that boards of zoning appeals are required to make written findings of fact to support their determinations and to make judicial review of the boards' decisions possible. *Columbus Bd. of Zoning Appeals v. Wetherald,* 605 N.E.2d 208, 211 (Ind.Ct.App.1992), *reh'g denied, trans. denied.* "The proper action of the trial court is to remand for the entry of findings where the agency has failed to do so." *Id.* Furthermore, in *Kempf* we reversed the trial court's reversal of the board's determination and held that the trial court had exceeded its authority in entering findings because the entry of findings is the function of the Board. *Kempf,* 656 N.E.2d at 1203.