HARRISON COUNTY BOARD OF ZONING APPEALS, Appellant-Respondent,
v.
CRAIG A. BISHOP, Appellee-Petitioner.
No. 31A04-0505-CV-280
Court of Appeals of Indiana.
August 24, 2006
ELIZABETH W. SWARENS, Corydon, Indiana, ATTORNEY FOR APPELLANT.
MICHAEL G. NAVILLE, Lorch & Naville, LLC, New Albany, Indiana, STEVEN A. GUSTAFSON, The Law Office of Richard R. Fox, New Albany, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
CRONE, Judge.

Case Summary
The Harrison County Board of Zoning Appeals ("the Board") appeals the trial court's order reversing the Board's denial of Craig A. Bishop's variance petition. We reverse.

Issue
The Board presents four issues for our review, which we consolidate and restate as whether the trial court erred in reversing the Board's denial of Bishop's variance petition.

Facts and Procedural History
Bishop, a resident of Harrison County, lived on a forty-acre farm that was zoned for agricultural/residential use ("A-R"). After Bishop's son expressed an interest in building a house on the property, Bishop consulted with Harrison County zoning officials. The officials advised Bishop that he would have to submit to the Board a petition for variance because the lot in question did not have 150 feet of road frontage as required by the Harrison County Zoning Ordinance ("the Local Ordinance"), nor did it have a sixty-foot-wide access easement required by an applicable exemption within the Harrison County Subdivision Control Ordinance (the "Subdivision Ordinance").
On February 24, 2004, Bishop filed his petition for variance. On March 24, 2004, Bishop appeared pro se at a Board meeting, at which time the Board informed him that he was required to show that he would suffer an "unnecessary hardship" if the variance were not granted, pursuant to Section 803.5(c) of the Local Ordinance. Bishop's petition was tabled. At the April 22, 2004, Board meeting, Bishop appeared with counsel, who argued that Bishop was required to satisfy the lesser standardthat literal enforcement of the Local Ordinance would result in "practical difficulties"as set forth in the state statute on development standards variances, Indiana Code Section 36-7-4-918.5. The Board, by unanimous vote, denied Bishop's application and adopted the following findings of fact:
1. The approval will be injurious to the public health, safety, morals, and general welfare of the community, because, the proposal would not provide adequate access for additional homes[.]
2. Based upon the facts presented it has been determined that a literal enforcement of the provisions of the Zoning Ordinance will not result in unnecessary hardship because the property is being used and can be used.
Appellant's App. at 215.
On May 20, 2004, Bishop filed a petition for writ of certiorari with the trial court. The trial court held a hearing on September 7, 2004. On November 15, 2004, the trial court entered findings of fact and conclusions thereon and reversed the Board's denial of Bishop's application. The court applied Indiana Code Section 36-7-4-918.5 and found that the Local Ordinance did not mandate the application of the stricter "unnecessary hardship" standard in this case. On November 23, 2004, the Board filed a motion to correct error, which the trial court denied on April 12, 2005.[1] The Board now appeals.

Discussion and Decision
The Board argues that the trial court erred in reversing its denial of Bishop's application for variance.
On judicial review of the decision of a board of zoning appeals to deny an application for a variance, a trial court does not conduct a trial de novo and does not substitute its decision for that of the Board. The Court of Appeals' review of a trial court's ruling on review of such a decision is governed by the same considerations. Unless the Board's decision was illegal, it must be upheld. An abuse of discretion standard applies and we cannot reweigh evidence or substitute our discretion for that of the Board. We are governed by the presumption that an agency's decision is correct in view of its expertise. An agency's decision is afforded great weight by virtue of its inherent expertise in its given area. The burden is on the applicant for a variance to show that each requirement for obtaining a variance has been met. The evidence supporting each requirement must be such that no reasonable man could fail to accept that prerequisite as proved. In order to reverse the Board's decision when it has denied a variance, the reviewing court must find, after resolving all doubts in evidence in favor of the Board's decision, that each statutory prerequisite has been established as a matter of law. Thus, a trial court exceeds its authority when it enters findings; the entry of findings is the function of the Board.
Bd. of Zoning Appeals of Evansville and Vanderburgh County v. Kempf, 656 N.E.2d 1201, 1203 (Ind. Ct. App. 1995), trans. denied (1996).
Indiana statutory law governs variances. The parties agree that Bishop's variance request was one regarding development standards. A development standards variance concerns zoning requirements involving height, bulk, or area, while a use variance addresses matters that go to the use of the property. See Ind. Code § 36-7-4-918.5; see also Metro. Bd. of Zoning v. McDonald's Corp., 481 N.E.2d 141, 146 (Ind. Ct. App. 1985), trans. denied (1986). Bishop did not propose to use his property or any portion thereof for a purpose inconsistent with its A-R classification. Rather, he sought the Board's permission to construct another house on his property, despite the fact that the lot in question did not include a sufficient width of road frontage pursuant to the Local Ordinance, nor a wide enough access easement as required under the Subdivision Ordinance.
Under Indiana Code Section 36-7-4-918.5(a), a person seeking a development standards variance must show that
(1) the approval will not be injurious to the public health, safety, morals, and general welfare of the community;
(2) the use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner; and

(3) the strict application of the terms of the zoning ordinance will result in practical difficulties in the use of the property. However, the zoning ordinance may establish a stricter standard than the "practical difficulties" standard prescribed by this subdivision.
(Emphasis added.)
Relying upon subsection (3) shown above, the Board applied the stricter standard of unnecessary hardship, which is referenced in Section 803.5(c) of the Local Ordinance as follows:
The Board shall have the following powers and it shall be its duty to:
....
(c) Authorize upon appeal in specific cases such variances from the terms of this ordinance as will not be contrary to the public interest, where owing to special conditions, fully demonstrated on the basis of the facts presented a literal enforcement of the provisions of this ordinance will result in unnecessary hardship and so that the spirit of this ordinance shall be observed and substantial justice done.
Appellant's App. at 123.
Bishop contends that the unnecessary hardship standard should not apply to his variance petition because the Local Ordinance was enacted in 1974, while the state statute governing development standards variances came into effect nearly ten years later, in 1983. The Local Ordinance defines "variance" as "[a] modification of the specific requirements of this Ordinance granted by the Board in accordance with the terms of this Ordinance for the purpose of assuring that no property, because of special circumstances applicable to it, shall be deprived of privileges commonly enjoyed by other properties in the same vicinity and districts." Id. at 90. Bishop argues that this definition refers only to use variances and does not encompass development standards variances. Therefore, he contends, the unnecessary hardship standard referenced in the Local Ordinance is improper with regard to Bishop's variance petition. We disagree. The Local Ordinance's definition of "variance" does not exclude the variance sought by Bishop, and the Ordinance clearly requires application of the unnecessary hardship standard to all variance petitions. Thus, we cannot conclude that the Board abused its discretion in applying this stricter standard or in finding that Bishop failed to show unnecessary hardship.
The Board also found that approval of Bishop's petition would be "injurious to the public health, safety, morals, and general welfare of the community, because, the proposal would not provide adequate access for additional homes[.]" Id. at 215. There was evidence that Bishop's property had, at most, a forty-foot-wide easement providing access to the lot in question.[2] The zoning staff comments provided to the Board prior to the March 25, 2004, hearing, noted that the "provisions for family divisions on private roads permit use of a 60 foot easement."[3]Id. at 197. The staff also mentioned that requiring a sixty-foot-wide easement in Bishop's case would be consistent with past decisions of the Board. Further, the Board's written minutes from its April 22, 2004, meeting, reflect the members' consensus that the "accepted minimum standard" of a sixty-foot-wide access easement should apply in Bishop's case. Id. at 214. The trial court overstepped its authority by issuing its own finding that "[t]he existing private road would provide more than adequate access to the lot" and failing to defer to the Board's expertise on this issue. Id. at 18 (trial court's finding 20); see also Kempf, 656 N.E.2d at 1203.
In our view, the Board's interpretation of Indiana Code Section 36-7-4-918.5(a), the Local Ordinance, and the Subdivision Ordinance provided a rational basis for the Board's decision, and thus we cannot conclude that the denial of Bishop's variance request was arbitrary, capricious, or otherwise contrary to law. See Reinking v. Metro. Bd. of Zoning Appeals of Marion County, 671 N.E.2d 137, 142 (Ind. Ct. App. 1996) (reviewing court may reverse zoning board's denial of variance if it does not rest upon a rational basis, or if it was arbitrary, capricious, or contrary to law). We therefore reverse the trial court's order, thereby reinstating the Board's denial of Bishop's variance petition.
Reversed.
KIRSCH, C.J., and BAILEY, J., concur.
NOTES
[1] The trial court's decision was actually rendered on April 8, 2005, but the court clerk did not enter it on the docket until April 12, 2004. Bishop filed a motion to reconstitute the trial court's record to show when the decision was actually made, which would have made the Board's appeal untimely. The trial court denied that motion.
[2] The evidence differed as to whether the easement was twenty-four or forty feet wide.
[3] The staff comments do not specifically mention Section 1.15(3)(2) of the Subdivision Ordinance, but that section appears to be the source of this particular comment.